UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ISAAC PASCHALIDIS,<br><br>Plaintiff,<br><br>-against-<br><br>THE AIRLINE RESTAURANT CORP., JAMES MESKOURIS, PETER MESKOURIS, and JOHN DOES # 1-10,<br><br>Defendants. | Case No.: 1:20-cv-2804 (LDH)(RLM) |

---

**MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS THE COMPLAINT**

---

 

**BRACH EICHLER LLC**
101 Eisenhower Parkway
Roseland, New Jersey 07068-1067
(973) 228-5700
*Attorneys for Plaintiff Isaac Paschalidis*

Of Counsel and On the Brief:
Bob Kasolas, Esq.
Michael H. Ansell, Esq.

# **TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT ...............................................................................................1

FACTUAL BACKGROUND......................................................................................................1

STANDARD OF REVIEW .........................................................................................................2

LEGAL ARGUMENT..................................................................................................................3

    I.    Plaintiff's First And Second Causes Of Action For Unpaid Minimum Wage And Wages Pursuant To The FLSA and NYLL Should Not Be Dismissed. ..........3

        A.    Plaintiff's FLSA and NYLL Claims are not Barred by the Business Owner Exemption. ....................................................................................3

        B.    No Exemption is Applicable to Plaintiff's NYLL Claims..........................5

        C.    Plaintiff has Alleged Facts Sufficient to Raise a Plausible Inference of an FLSA and/or NYLL Wage Violation......................................................7

        D.    Plaintiff is not an Employer Pursuant to the FLSA and NYLL and is Properly Classified as an Employee. .........................................................9

    II.    Plaintiff's Seventh Cause Of Action For NYLL Wage Notice Violation Should Not Be Dismissed. .....................................................................................10

    III.    Plaintiff's Sixth Cause Of Action For Retaliation Pursuant To The NYLL Should Not Be Dismissed. .....................................................................................11

    IV.    Plaintiff's Third And Fourth Causes Of Action For Age Discrimination Pursuant To The NYSHRL and NYCHRL Should Not Be Dismissed. ................11

    V.    In The Event The Court Finds Any Of The Causes Of Action In Plaintiff's Complaint Were Not Sufficiently Plead, Dismissal Of Such Causes Of Action Should Be Without Prejudice And Plaintiff Should Be Afforded The Opportunity To Replead. .....................................................................................12

    VI.    Notice To Defendants Pursuant To Fed. R. Civ. P. 11. .........................................13

CONCLUSION..........................................................................................................................14

BE:11236869.1/PAS084-277854

## TABLE OF AUTHORITIES

Page(s)

**Federal Cases**

*Barfield v. New York City Health & Hosps. Corp.*,
 537 F.3d 132 (2d Cir. 2008)...............................................................................................9, 10

*Belizaire v. RAV Investigative and Sec. Servs. Ltd.*,
 61 F. Supp. 3d 336 (S.D.N.Y. 2014)..........................................................................................5

*Bustillos v. Acad. Bus, LLC*,
 No. 13-cv-565 (AJN), 2014 WL 116012 (S.D.N.Y. Jan. 13, 2014) ..........................................7

*Coley v. Vannguard Urban Improvement Ass'n, Inc.*,
 No. 112-cv-5565(PKC)(RER), 2018 WL 1513628 (E.D.N.Y. Mar. 27, 2018),
 *as amended* (Mar. 29, 2018) .....................................................................................................6

*Copantitla v. Fiskardo Estiatorio, Inc.*,
 788 F.Supp.2d 253 (S.D.N.Y.2011)........................................................................................11

*Dejesus v. HF Mgmt. Servs., LLC*,
 726 F.3d 85 (2d Cir. 2013).........................................................................................................7

*Falcon v. City Univ. of N.Y.*,
 263 F. Supp. 3d 416 (E.D.N.Y. 2017) ......................................................................................2

*Gonzalez v. Caballero*,
 572 F. Supp. 2d 463 (S.D.N.Y. 2008).......................................................................................2

*Hernandez v. NJK Contractors, Inc.*,
 No. 09-cv-4812(RER), 2015 WL 1966355 (E.D.N.Y. May 1, 2015) ......................................6

*Higueros v. New York Stale Catholic Health Plan, Inc.*,
 526 F.Supp.2d 342 (E.D.N.Y.2007) .......................................................................................11

*In Kyu Kim v. Korean News of Chi., Inc.*,
 No. 17-cv-1300, 2017 WL 3034671 (N.D. Ill. July 18, 2017) .........................................3, 4, 5

*Irizarry v. Catsimatidis*,
 722 F.3d 99 (2d Cir. 2013).........................................................................................................9

*Jouleh v. Behzadi*,
 No. 16-cv-81333, 2016 WL 11600604 (S.D. Fla. Oct. 25, 2016) ............................................4

*Kramer v. Time Warner Inc.*,
 937 F.2d 767 (2d Cir. 1991)......................................................................................................2

*Lundy v. Catholic Health Sys. of Long Island Inc.*,
  711 F.3d 106 (2d Cir. 2013)..................................................................................................8

*Meisel v. Grunberg*,
  651 F. Supp. 2d 98 (S.D.N.Y. 2009)......................................................................................2

*Munno v. Town of Orangetown*,
  391 F. Supp. 2d 263 (S.D.N.Y. 2005)....................................................................................2

*Nakahata v. New York–Presbyterian Healthcare System, Inc.*,
  723 F.3d 192 (2d Cir. 2013)..................................................................................................8

*Porat v. Lincoln Towers Cmty. Ass'n*,
  464 F.3d 274 (2d Cir. 2006)................................................................................................12

*Ronzani v. Sanofi S.A.*,
  899 F.2d 195 (2d Cir. 1990)................................................................................................12

*Soto v. Armstrong Realty Mgmt. Corp.*,
  No. 15-cv-9283(AJN)(JCF), 2016 WL 7396687 (S.D.N.Y. Dec. 21, 2016)..........................6

*Villar v. Prana Hosp., Inc.*,
  No. 14-cv-8211(RA)(JCF), 2017 WL 1333582 (S.D.N.Y. Apr. 11, 2017)............................6

*Young v. Cooper Cameron Corp.*,
  586 F.3d 201 (2d Cir. 2009)..................................................................................................3

*Yu G. Ke v. Saigon Grill, Inc.*,
  No. 07-cv-2329, 2008 WL 5337230 (S.D.N.Y. Oct. 21, 2008)............................................11

**Federal Statutes**

FLSA............................................................................................................................... *passim*

**State Statutes**

New York Labor Law .......................................................................................................11

New York labor Law § 215 ...............................................................................................10

**Rules**

Fed. R. Civ. P. 11..............................................................................................................13

Federal Rule of Civil Procedure 15(a) .............................................................................12

Rule 12(b)(6).................................................................................................................2, 12

BE:11236869.1/PAS084-277854

**Regulations**

29 C.F.R. § 541.101 ........................................................................................................3, 4

**Constitutional Provisions**

Eleventh Amendment........................................................................................................12

## PRELIMINARY STATEMENT

Defendants', The Airline Restaurant Corp.'s ("Airline Diner"), James Meskouris' ("James") and Peter George Meskouris' ("Peter") (collectively "Defendants"), motion to dismiss Plaintiff's, Isaac Paschalidis ("Plaintiff" of "Paschalidis"), Complaint either intentionally misconstrues and/or ignores Plaintiff's allegations. The crux of Defendants' arguments is that as a "business owner," Plaintiff is exempt from the minimum wage requirements of both the FLSA and NYLL. Moreover, Defendants extend this argument to classify Plaintiff as an "employer," thereby arguing he cannot assert any claims as an "employee." These arguments are belied by the allegations in Plaintiff's Complaint as well as by the applicable case law.

Defendants ignore the clear allegations in Plaintiff's Complaint that although he was a shareholder and formerly had a management role, as of January 2018, he was stripped of his management responsibilities. Plaintiff's Complaint also specifically alleges the wages due to him as an employee and the dates during which he was deprived of those wages. Moreover, Defendants ignore the fact that Plaintiff's NYLL claims do not require a failure to pay the minimum wage, but rather a failure to pay the agreed upon wages, thereby undermining any of Defendants' arguments regarding the "business owner" exemption.

Accordingly, Plaintiff respectfully requests that Defendants' Motion to Dismiss be denied in its entirety. However, in the event any Causes of Action are subject to dismissal, Plaintiff respectfully requests that such dismissal be without prejudice and that Plaintiff be afforded the opportunity to replead.

## FACTUAL BACKGROUND

For the sake of brevity, Plaintiff relies upon and incorporates the allegations in the Complaint [ECF No. 7].

## STANDARD OF REVIEW

"On a Rule 12(b)(6) motion to dismiss a complaint, the court must accept a plaintiff's factual allegations as true and draw all reasonable inferences in [the plaintiff's] favor." *Gonzalez v. Caballero,* 572 F. Supp. 2d 463, 466 (S.D.N.Y. 2008). A district court "'confines its consideration to facts stated on the face of the complaint, in documents appended to the complaint or incorporated in the complaint by reference, and to matters of which judicial notice may be taken.'" *Meisel v. Grunberg,* 651 F. Supp. 2d 98, 107 (S.D.N.Y. 2009) (alteration omitted) (quoting *Leonard F. v. Isr. Disc. Bank of N.Y.,* 199 F.3d 99, 107 (2d Cir. 1999)). "The court may ... consider matters of which judicial notice may be taken, even if the corresponding documents are not attached to or incorporated by reference in the complaint." *Munno v. Town of Orangetown,* 391 F. Supp. 2d 263, 268 (S.D.N.Y. 2005); *see also Kramer v. Time Warner Inc.,* 937 F.2d 767, 774 (2d Cir. 1991) (holding that district court properly took judicial notice of public documents filed with the SEC); *Falcon v. City Univ. of N.Y.*, 263 F. Supp. 3d 416, 424 (E.D.N.Y. 2017) ("the Court may take judicial notice of the records of state administrative procedures, as these are public records, without converting a motion to dismiss to one for summary judgment" (internal quotation and citation omitted)).

As set forth below, Defendants' arguments are not only legally insufficient, they rely on disputed facts, the determination of which are is not appropriate on a motion to dismiss.

**LEGAL ARGUMENT**Error! Bookmark not defined.

I. **Plaintiff's First And Second Causes Of Action For Unpaid Minimum Wage And Wages Pursuant To The FLSA and NYLL Should Not Be Dismissed.**

Defendants argue that because Plaintiff owns more than a twenty percent (20%) interest in the Airline Diner and because his title was "General Manager" and "Treasurer," he is therefore precluded from bringing a claim under the FLSA based on the "business owner" exemption set forth in 29 C.F.R. § 541.101. *See* Defendants' Moving Brief, dated August 17, 2020 ("Mov. Br.") at pp. 8-12. However, Defendants ignore the clear allegations in Plaintiff's Complaint that although he was a shareholder and formerly had a management role, as of January 2018, Defendants froze him out from any management responsibilities. Defendants further argue that Plaintiff failed to allege sufficient facts to support his claims because the allegations in the Complaint are somehow refuted by a letter from Plaintiff's attorney in December 2019, wherein Plaintiff acknowledged receiving 25% of his salary. *See* Mov. Br. at pp. 12-15. This argument is belied by the allegations in Plaintiff's Complaint, wherein Plaintiff alleges that between January 2018 and August 2018, he received no wages, and then, as of August 2018, he received $500 per week for several weeks and then $1000 per week thereafter. Thus, Defendants' argument that the Complaint is inconsistent with the December 2019 letter from Plaintiff's counsel is not only wrong, it is disingenuous.

    A. **Plaintiff's FLSA and NYLL Claims are not Barred by the Business Owner Exemption.**

It is well-settled that "[t]he employer has the burden of proving that the employee clearly falls within the terms of the exemption." *Young v. Cooper Cameron Corp.*, 586 F.3d 201, 204 (2d Cir. 2009) (citing *Havey v. Homebound Mortgage, Inc.,* 547 F.3d 158, 163 (2d Cir. 2008)). In a very instructive case, *In Kyu Kim v. Korean News of Chi., Inc.*, No. 17-cv-1300, 2017 WL 3034671 (N.D. Ill. July 18, 2017) *as corrected* (July 19, 2016), the court held that "ownership is not the

3

whole of the requirement for the exemption to apply. Rather, to be exempt, an employee must have a bona fide equity interest "*and [be] actively engaged in [the company's] management*." *Id.* at *2 (quoting 29 C.F.R. § 541.101 (emphasis added)). In determining whether to dismiss the complaint, the court held that:

> Clearly, deciding whether Plaintiff actively engaged in the management of the company is a complicated issue of fact to be decided by reference to an array of factors not yet developed in the record. Contrary to the defendants' arguments, Plaintiff has not made admissions such that the exemption irrefutably applies simply by alleging that he worked as a publisher and attempted to find a buyer for the company. Questions remain as to both prongs of the "business owner" exemption. It is therefore not appropriate to resolve the issue at this stage in the proceedings. [*Id.*].

Similarly, in *Jouleh v. Behzadi*, No. 16-cv-81333, 2016 WL 11600604 (S.D. Fla. Oct. 25, 2016), the court held that although:

> Plaintiff asserts that he had a ten percent stake in the Company, this interest does not preclude him from being considered an employee under the FLSA. Plaintiff's Complaint alleges facts that make it plausible that he could be considered an employee under the FLSA's definition, and his ten percent interest in the company does not cause him to fall outside that definition or to fall under an exemption. [*Id.* at *2].

Here, Plaintiff's Complaint makes it clear that beginning in January 2018, he was excluded by Defendants from the management of the Airline Diner. *See* ECF No. 7 at ¶¶ 25-28, 42-45, 47, 51, 53, and 59. In fact, in January 2019, defendant Peter told Plaintiff that Peter was "running things now" and that Plaintiff is "not an owner here, I am the owner." *See* ECF No. 7 at ¶¶ 42-43. In support of their argument that Plaintiff is exempt from minimum wage requirements, Defendants rely on allegations related to Plaintiff's employment ***prior to January 2018***. *See* Mov. Br. at 11 (citing ECF No. 7 at ¶¶ 20, 22). Thus, Plaintiff is not exempt from FLSA protections as a business owner pursuant to 29 C.F.R. § 541.101 because, as plead in the Complaint: (i) defendant

4

Peter has denied Plaintiff's ownership interest; and (ii) as of January 2018, Plaintiff was not actively engaged in the Airline Diner's management.

Since it is Defendants' burden to establish that an exemption applies to Plaintiff, Defendants must establish that as of January 2018, Plaintiff continued to engage in the management of the business.  Rather than meet this burden, Defendants attempt to pass the burden onto Plaintiff by arguing that Plaintiff's failure to allege "that his <u>actual</u> job duties changed" after January 2018 somehow establishes that he continued to manage the Airline Diner.  *See* Mov. Br. at pp. 11-12.  However, it is not Plaintiff's burden to demonstrate that an exemption is not applicable, and the absence of certain allegations does not establish as fact their corollary.  In any event, all Defendants' arguments succeed in doing is creating questions of fact subject to discovery that are inappropriate for determination on a motion to dismiss.  *See In Kyu Kim*, No. 17-cv-1300, 2017 WL 3034671 at *2.  Accordingly, Defendants' Motion to Dismiss should be denied.

    **B.**    <u>**No Exemption is Applicable to Plaintiff's NYLL Claims**</u>.

Pursuant to NYLL § 191(1)(d)

Every employer shall pay wages in accordance with the following provisions:

> d.  Clerical and other worker.--A clerical and other worker shall be paid the wages earned in accordance with the agreed terms of employment, but not less frequently than semi-monthly, on regular pay days designated in advance by the employer.  [NYLL § 191(1)(d)].

Moreover, "wages" is defined as "the earnings of an employee for labor or services rendered, regardless of whether the amount of earnings is determined on a time, piece, commission or other basis." NYLL § 190(1).  "Employee" is defined as" any person employed for hire by an employer in any employment." NYLL § 190(2).

The NYLL requires that employees are paid "in accordance with the agreed terms of employment." *Belizaire v. RAV Investigative and Sec. Servs. Ltd.*, 61 F. Supp. 3d 336, 354

5

(S.D.N.Y. 2014) (citing NYLL § 191(1)(d)) (discussing these provisions of the FLSA and NYLL as similar).  The NYLL provides "the right to recover full wages, benefits and wage supplements and liquidated damages accrued during the six years previous to the commencing" of an action. NYLL § 198(3).  "[C]ourts have awarded straight time rates higher than the minimum wage," where the parties agreed to the rate.  *Villar v. Prana Hosp., Inc.*, No. 14-cv-8211(RA)(JCF), 2017 WL 1333582, at *4 (S.D.N.Y. Apr. 11, 2017); *see also Soto v. Armstrong Realty Mgmt. Corp.*, 15-cv-9283(AJN)(JCF), No. 2016 WL 7396687, at *2 (S.D.N.Y. Dec. 21, 2016), *report and recommendation adopted*, 15-cv-9283(AJN)(JCF), 2017 WL 2191625 (S.D.N.Y. May 17, 2017); *Hernandez v. NJK Contractors, Inc.*, No. 09-cv-4812(RER), 2015 WL 1966355, at *42 (E.D.N.Y. May 1, 2015) ("This unpaid compensation should be calculated at Plaintiffs' regular rate."). Explaining this rational, in *Coley v. Vannguard Urban Improvement Ass'n, Inc.*, No. 112-cv-5565(PKC)(RER), 2018 WL 1513628 (E.D.N.Y. Mar. 27, 2018), *as amended* (Mar. 29, 2018), the court stated that applying the plaintiffs' regular agreed upon hourly rate to calculate the amount of unpaid wages due:

> … gives fuller effect to the remedial purposes of NYLL.  NYLL § 198(1)-(a) expressly provides that "any employee paid *less than the wage to which he or she is entitled under the provisions of this article*" is entitled to recover his or her "full wages" (emphasis added), and NYLL § 663 does not prohibit an award based on an employee's agreed-upon wages.  This means that an employee has a cause of action to recover the full amount of unpaid wages that he or she is entitled to under NYLL § 198, in addition to seeking payment of minimum wages under NYLL § 663.  [*Coley*, No. 12-cv-5565(PKC)(RER), 2018 WL 1513628, at *10].

Accordingly, Plaintiff's claims under the NYLL are not limited to minimum wage and are not subject to any exemption to the minimum wage requirements.  Rather, Plaintiff's NYLL claims arise from Defendants' failure to pay Plaintiff the agreed upon wages at the agreed upon times of payment.  Plaintiff alleges that he "was paid a weekly wage of $2,300.00 as was his agreed upon salary."  *See* ECF No. 7 at ¶ 24.  Plaintiff further alleges that in "January 2018, without notice or

6

reason" Defendants ceased payment of "his weekly wage for over six months." *See* ECF No. at ¶ 29 and 41. When he started to receive wages again, Plaintiff alleges that he "was paid $500 per week for several weeks and then $1,000 per week," well below his agreed upon wages of $2,300.00 per week. *See* ECF No. 7 at ¶¶ 24, 32, and 41. Thus, whether or not Plaintiff was statutorily required to be paid minimum wage is irrelevant to his NYLL claims because it is undisputed that Plaintiff was not paid his agreed upon wages on the agreed upon payment terms. Accordingly, Defendants' Motion to Dismiss should be denied.

    **C.    Plaintiff has Alleged Facts Sufficient to Raise a Plausible Inference of an FLSA and/or NYLL Wage Violation.**

Defendants further seek to dismiss Plaintiff's FLSA and NYLL claims because "Plaintiff's vague and conclusory statement that he received no salary or weekly profit distributions is expressly contradicted by his counsel's December 26, 2019 letter … which states that Plaintiff received a reduced salary and weekly profit distributions." Mov. Br. at 14. This argument is a gross mischaracterization of the allegations in Plaintiff's Complaint and the contents of the December 26, 2019 letter and should not be given any consideration by this Court.

In support of their argument, Plaintiff cites a number of cases that are inapposite to the circumstances in this matter. In *Dejesus v. HF Mgmt. Servs., LLC*, 726 F.3d 85, 89 (2d Cir. 2013), the court dismissed plaintiff's FLSA overtime claims because:

> She did not estimate her hours in any or all weeks or provide any other factual context or content. Indeed, her complaint was devoid of any numbers to consider beyond those plucked from the statute. She alleged only that in "some or all weeks" she worked more than "forty hours" a week without being paid "1.5" times her rate of compensation, Compl. ¶ 24, no more than rephrasing the FLSA's formulation specifically set forth in section 207(a)(1). Whatever the precise level of specificity that was required of the complaint, Dejesus at least was required to do more than repeat the language of the statute. [*Id.* at 89].

7

Likewise, in *Bustillos v. Acad. Bus, LLC*, No. 13-cv-565 (AJN), 2014 WL 116012, at *2 (S.D.N.Y. Jan. 13, 2014), the court dismissed the plaintiff's FLSA minimum wage complaint because:

> The only allegation in the Amended Complaint as to Mr. Bustillos's hourly rate establishes that he was paid $14.70 per hour-close to twice the current minimum wage. (Am. Compl.¶ 22). Although Mr. Bustillos alleges in conclusory terms that "[t]hroughout [his] employment with Defendants, Defendants failed to pay him for all hours that he worked," (Am. Compl. ¶ 20; *see also id.* ¶ 25), the Amended Complaint contains no further elaboration on this point and there is no indication that at any time Mr. Bustillos worked sufficient unpaid hours that his effective hourly wage fell below the minimum wage. [*Bustillos*, No. 13-cv-565 (AJN), 2014 WL 116012, at *2].

In *Nakahata v. New York–Presbyterian Healthcare System, Inc.,* 723 F.3d 192 (2d Cir. 2013), the plaintiffs alleged uncompensated work during meal breaks, training sessions, and extra shift time as evidence of an overtime violation without demonstrating how these instances added up to forty or more hours in a given week. *Id.* at 201. In *Lundy v. Catholic Health Sys. of Long Island Inc.*, 711 F.3d 106 (2d Cir. 2013), the court dismissed the plaintiffs' FLSA overtime claims because they failed "to allege uncompensated work in excess of 40 hours in a given week." *Id.* at 113.

The facts of these cases are in stark contrast to the specificity of Plaintiff's allegations herein. Plaintiff alleges that he was not paid **any** of "his weekly wage for over six months" commencing in January 2018 despite working "between 46 to 60 hours per week." *See* ECF No 7 at ¶ 21, 29, 41. These allegations clearly provide a plausible factual basis for Plaintiff's FLSA minimum wage claim as well as Plaintiff's NYLL claims. Plaintiff further alleges that when he started to receive wages again, he "was paid $500 per week for several weeks and then $1,000 per week," well below his salary of $2,300.00 per week. *See* ECF No. 7 at ¶¶ 24, 32, and 41. As set forth in Section I(B), *supra*, these allegations clearly support Plaintiff's NYLL claims. Specifically, NYLL § 191(1)(d) requires employees "be paid the wages earned *in accordance with the terms of employment*, but not less frequently than semi-monthly, on regular pay days

8

designated in advance by the employer." NYLL § 191(1)(d) (emphasis added). Thus, Plaintiff has sufficiently alleged claims based on the NYLL arising from Defendants' failure to pay Plaintiff any wages for six (6) months, and then paying less than his agreed upon wages from August 2018 through February 6, 2020.

Seemingly recognizing the sufficiency of Plaintiff's allegations, Defendants desperately argue that Plaintiff's allegations are somehow undermined by the December 26, 2019 letter's statement that in 2018 Plaintiff's "salary was inexplicably slashed by *more than 75%* from its established rate over the last five years to $28,000." *See* Affirmation of Joshua Marcus, Esq., dated August 17, 2020 ("Marcus Aff."), **Exhibit B** at p. 2. However, that is entirely consistent with Plaintiff's allegations that he only received a salary of $1000.00 per week starting in August 2018, which would equate to nearly $28,000.00 for all wages received in 2018. Thus, Defendants' argument is a complete fabrication and should not be countenanced by this Court. Accordingly, Defendants' Motion to Dismiss should be denied.

> **D.     Plaintiff is not an Employer Pursuant to the FLSA and NYLL and is Properly Classified as an Employee.**

When viewed from 30,000 feet, Defendants' argument is absurd on it face. Essentially, Defendants' argument would preclude any employee in a management position from bringing a claim against their employer. Defendants use rules and case law designed to determine when an individual is liable for claims brought by an employee to argue that Plaintiff cannot bring claims as an employee. There is simply no relation between the two and Defendants have failed to cite any legal support for the proposition that one who may be liable as an "employer" is stripped of his or her rights as an "employee."

In *Irizarry v. Catsimatidis*, 722 F.3d 99 (2d Cir. 2013), the court was faced with the question of "whether an individual within a company that undisputedly employs a worker is

9

personally liable for damages as that worker's 'employer.'" *Id.* at 105.  Likewise, in *Barfield v. New York City Health & Hosps. Corp.*, 537 F.3d 132 (2d Cir. 2008), the court addressed the issue of whether a certain entity qualified as an "employer" of the plaintiff for purposes of FLSA liability. *See id.* at 141.  These cases are irrelevant to Defendants' arguments.  Whether Plaintiff could be classified as an "employer" for purposes of individual liability for a claim brought by another employee of the Airline Diner has no significance as to whether Plaintiff is also an employee entitled to bring claims under the FLSA and NYLL.

Tellingly, Defendants' fail to cite to any legal support for this conclusion.  Taking Defendants' argument to its logical conclusions would mean that most officers and/or managers of an employer entity have no right to assert FLSA or NYLL claims.  This is absurd on its face. Moreover, as set forth in Section I(A), *supra*, as of January 2018, Plaintiff was no longer in a management position and for those same reasons, he cannot be classified as an "employer." Accordingly, Defendants' Motion to Dismiss should be denied.

## II. Plaintiff's Seventh Cause Of Action For NYLL Wage Notice Violation Should Not Be Dismissed.

Pursuant to NYLL § 195(2), an employer is required to "notify his or her employees in writing of any changes to [the rate of pay] at least seven calendar days prior to the time of such changes."  NYLL § 195(2).  Defendants' only defense to this claim is that Plaintiff is an "employer" and therefore not required to receive such notice.  For the reasons set forth in Sections I(A) and (D), *supra*, Plaintiff is not an "employer," but even assuming *arguendo* that he was, that does not strip him of his rights as an "employee" as well, and Defendants have failed to cite any legal support for such a proposition.  Accordingly, the Seventh Cause of Action should not be dismissed.

10

**III.  Plaintiff's Sixth Cause Of Action For Retaliation Pursuant To The NYLL Should Not Be Dismissed.**

"In order to state a claim under New York labor Law Section 215, a plaintiff must adequately plead that while employed by the defendant, he or she made a complaint about the employer's violation of New York Labor Law and was terminated or otherwise penalized, discriminated against, or subjected to an adverse employment action as a result." *Higueros v. New York Stale Catholic Health Plan, Inc.,* 526 F.Supp.2d 342, 347 (E.D.N.Y.2007).  An informal complaint suffices.  *See Yu G. Ke v. Saigon Grill, Inc.,* No. 07-cv-2329, 2008 WL 5337230 at *17 (S.D.N.Y. Oct. 21, 2008) (the law "covers complaints by employees to their employer and not merely the institution of formal proceedings.").  A plaintiff must merely plead that "while employed by the defendant, [the plaintiff] made a complaint about the employer's violation of the law and, as a result, was terminated or otherwise penalized, discriminated against, or subjected to an adverse employment action." *Copantitla v. Fiskardo Estiatorio, Inc.,* 788 F.Supp.2d 253, 302 (S.D.N.Y.2011).  In *Higueros*, the court found that:

> … although it does not know the exact words used by the plaintiff in her repeated complaints to her superiors, and whether they made reference to "state" law, the plaintiff's claims are sufficient at this early stage because she made complaints to her supervisors "for payment of overtime she and others were entitled to ...." (Complaint at ¶ 38). [*Higueros*, 526 F. Supp. 2d at 348].

In the instant matter, Defendants admit that Plaintiff has alleged that "he questions Defendants about his reduced wages," *see* Mov. Br. at p. 18-19, and the December 26, 2019 letter from Plaintiff's attorney to Defendants "complained about a reduction in his salary and wage distributions." Mov. Br. at p. 18.  This acknowledgment alone compels a rejection of Defendants' argument and denial of their Motion to Dismiss the Sixth Cause of Action of Plaintiff's Complaint.

**IV.  Plaintiff's Third And Fourth Causes Of Action For Age Discrimination Pursuant To The NYSHRL and NYCHRL Should Not Be Dismissed.**

11

Again, Defendants' only defenses to these claims is that Plaintiff is an "employer" and therefore not required to receive such notice. Again, Defendants rely on rules and case law designed to determine when an individual is liable for claims brought by an employee to argue that Plaintiff cannot bring claims as an employee. For the reasons set forth in Sections I(A) and (D), *supra*, Plaintiff is not an "employer," but even assuming *arguendo* that he was, that does not strip him of his rights as an "employee" as well, and Defendants have failed to cite any legal support for such a proposition. Accordingly, the Third and Fourth Causes of Action should not be dismissed.

V. **In The Event The Court Finds Any Of The Causes Of Action In Plaintiff's Complaint Were Not Sufficiently Plead, Dismissal Of Such Causes Of Action Should Be Without Prejudice And Plaintiff Should Be Afforded The Opportunity To Replead.**

The Second Circuit "strongly favors liberal grant of an opportunity to replead after dismissal of a complaint under Rule 12(b)(6)." *Porat v. Lincoln Towers Cmty. Ass'n,* 464 F.3d 274, 276 (2d Cir. 2006). Federal Rule of Civil Procedure 15(a) provides that "a party may amend the party's pleading ... by leave of court ... and leave shall be freely given when justice so requires." F.R.C.P. 15(a). "In interpreting this rule, this Court has indicated that where a plaintiff clearly has expressed a desire to amend, a lack of a formal motion is not a sufficient ground for a district court to dismiss without leave to amend." *Porat*, 464 F.3d at 276 (citing *Oliver Schools, Inc. v. Foley,* 930 F.2d 248, 252–53 (2d Cir.1991) (remanding where plaintiff, faced with the Eleventh Amendment immunities of the named defendants, had requested leave to replead claims against the defendants in their personal capacities)); *see also Ronzani v. Sanofi S.A.,* 899 F.2d 195, 198-99 (2d Cir. 1990) (holding the district court abused its discretion in failing to allow repleading where the plaintiff had made no motion to replead but had noted in his opposition brief his desire to replead if the motion were granted.).

12

Here, nothing in the Complaint or the moving papers suggests that there is no possibility that a valid claim could be stated, given more factual detail and contextual information. Moreover, there is no prejudice to Defendants if Plaintiff is allowed to replead as no discovery has been conducted to date. Accordingly, in the event the Court find dismissal of any of the Causes of Action to be appropriate, Plaintiff respectfully requests that such dismissal be without prejudice and that Plaintiff be afforded an opportunity to replead.

## VI.     Notice To Defendants Pursuant To Fed. R. Civ. P. 11.

For the reasons outlined above, Plaintiff hereby demands that Defendants withdraw their Motion to Dismiss within twenty-one (21) days of the filing of this opposition brief. In the event that Defendants fail to do so, notice is hereby given pursuant to Fed. R. Civ. P. 11(c) that Plaintiff intends to move for sanctions against Defendants pursuant to Fed. R. Civ. P. 11(c)(2) based upon Defendants' violations of Fed. R. Civ. P. 11(b), and for the legal reasons outlined in this brief.

BE:11236869.1/PAS084-277854

## CONCLUSION

For all of the foregoing reasons, Plaintiff respectfully requests the Court deny Defendants' Motion to Dismiss with prejudice, award Plaintiff all costs and reasonable attorney's fees, and grant such additional and further relief as the Court deems equitable and proper.

Dated: September 14, 2020            **BRACH EICHLER LLC**

                                                     */s/Bob Kasolas*
                                                     Bob Kasolas, Esq.
                                                     Michael H. Ansell, Esq.
                                                     101 Eisenhower Parkway
                                                     Roseland, New Jersey 07068
                                                     (973)-228-5700
                                                     bkasolas@bracheichler.com
                                                     mansell@bracheichler.com
                                                     *Attorneys for Plaintiff Isaac Paschalidis*