UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

Date of Service: September 28, 2020

ISSAC PASCHALIDIS,

                    **Plaintiff,**

-against-

THE AIRLINE RESTAURANT CORP.,
JAMES MESKOURIS, PETER
GEORGE MESKOURIS, and John Does
#1-10,

                    **Defendants.**

Index No.: 20:Civ. 2804 (LDH)(RLM)

---

# DEFENDANTS' REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT

---

By:  Joshua Marcus, Esq.
      FRANKLIN, GRINGER & COHEN, P.C.
      *Attorneys For Defendants*
      666 Old Country Road, Suite 202
      Garden City, NY 11530-2013
      (516) 228-3131

## Table of Contents

TABLE OF AUTHORITIES................................................................................................................i

INRODUCTION..................................................................................................................................1

ARGUMENT........................................................................................................................................1

    POINT I: Plaintiff's First and Second Causes of Action For Unpaid Minimum Wage and Wages Pursuant to the FLSA and NYLL Should Be Dismissed……………………………...……..1

        A. Plaintiff's FLSA and NYLL Claims are Barred by the Business Owner Exemption………………………………………………………………………...1

        B. Plaintiff Has Failed To Sufficiently Allege Facts Which Would Raise A Plausible Inference Of An FLSA And/or NYLL Minimum Wage Violation…………………………….4

        C. Plaintiff is An Employer Pursuant To The FLSA And New York Labor Law And Is Not An Employee For Purposes Of Those Statutes……………………………………………………………………………..5

    POINT II: Plaintiff's Sixth Cause Of Action For Retaliation Pursuant To The New York Labor Law Should Be Dismissed…………………….......................................................................7

    POINT III: Plaintiff's Third and Fourth Causes Of Action For Age Discrimination Pursuant To The NYSHRL and NYCHRL Should be Dismissed…………………………………………..8

    POINT IV: Plaintiff Should Not Be Permitted to Replead…………......................................................9

CONCLUSION……………………………………………………………………………….10

<...>

# Table of Authorities

## Cases

*Dejesus v. HF Mgmt. Servs.*, 726 F.3d 85 (2d Cir. 2013), *cert. denied,* 134 S. Ct. 918 (2014)..................................................................................................................5

*Ellis v. Harper Collins Publishers, Inc.*, 2000 WL 802900 (S.D.N.Y.2000)............................7

*Epifani v. Johnson,* 65 A.D. 3d 224, 882 N.Y.S.2d 234 (2d Dept. 2009)...............................................................................................................................8

*Jouleh v. Behzadi*, 2016 WL 11600604 (S.D. Fla 2016)......................................................4

*Kim v. The Korean News of Chicago, Inc.*, 2017 WL 3034671 (N.D. Ill. 2017).....................3

*Lundy v. Catholic Health Sys. Of Long Island Inc.*, 711 F.3d 106 (2d Cir. 2013).................................................................................................................................5

*Nakahata v. New York Presbyterian Healthcare Sys.*, 723 F.3d 192 (2d Cir. 2013).................................................................................................................................5

*Nichols v. Brookdale Univ.*, 2004 WL 1533821 (E.D.N.Y. 2004).........................................8

*Porat v. Lincoln Towers Community Assoc.,* 464 F.3d 274 (2d Cir. 2006).........................9

*Wilson v. Merrill Lynch & Co. Inc.*, 671 F.3d 120 (2d Cir. 2011).........................................9

## Statutes & Regulations

Fed. R. Civ. P. 12(b)(1) and (6)...............................................................................................1

Fair Labor Standards Act, 29 U.S.C. §§201 et. seq............................................................................................................................................1

Fair Labor Standards Act, 29 U.S.C. § 213(a)(1)...................................................................3

Fair Labor Standards Act, 29 U.S.C. §216(b)........................................................................5

New York Labor Law § 195...................................................................................................6

New York Labor Law § 198 1-a.............................................................................................6

New York Labor Law § 215...................................................................................................7

## INTRODUCTION

Defendants, The Airline Restaurant Corp. (hereinafter "Airline"), James Meskouris, and Peter George Meskouris (hereinafter collectively "Defendants"), hereby submit this reply in response to Plaintiff's Memorandum of Law In Opposition to Defendants' Motion To Dismiss The Complaint (hereinafter "Opp. Memo") and in further support of Defendants' Motion to Dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(1) and (6) on the basis that Plaintiff Isaac Paschalidis (hereinafter "Paschalidis") has failed to state claims upon which relief can be granted. As set forth in Defendants' initial motion papers and as further set forth further herein, Plaintiff has failed to plead sufficient claims pursuant to the Fair Labor Standards Act, U.S.C. §§ 201 et seq. (the "FLSA"), the New York Labor Law ("NYLL"), the New York State Human Rights Law ("NYSHRL"), and the New York City Human Rights Law ("NYCHRL"). Accordingly, Plaintiff's Complaint should be dismissed.

## POINT I

### PLAINTIFF'S FIRST AND SECOND CAUSES OF ACTION FOR UNPAID MINIMUM WAGE AND WAGES PURSUANT TO THE FLSA AND NYLL SHOULD BE DISMISSED

As set forth in Plaintiff's initial motion papers and herein, Plaintiff's FLSA and NYLL claims should be dismissed on the basis that: (1) Plaintiff is exempt by the business owner exemption; (2) Plaintiff has failed to plead such claims with the proper specificity; and (3) Plaintiff is an employer and not an employee pursuant to such statutes.

A. Plaintiff's FLSA and NYLL Claims are Barred by the Business Owner Exemption.

Plaintiff in his opposition papers asserts that Plaintiff's FLSA claims should not be dismissed because Defendants have failed to establish the second prong of the business owner exemption- i.e., Plaintiff was actively engaged in management. See Opp. Memo, pp. 3-5.

1

Plaintiff argues that effective January 2018, he was excluded by Defendants from the management of the Airline Diner and was thus effectively not actively engaged in management. *Id.*, p. 4. However, Plaintiff's Complaint does not actually say that. Instead, Plaintiff's Complaint states that Plaintiff was "primarily employed as a general manager, managing the Airline Diner and overseeing and managing its staff" and that he "worked as general manager from 1989 until February 6, 2020". Marcus Aff., Ex. A, ¶¶ 20, 23 (emphasis added). Thus, Plaintiff's statement in his opposition papers that he alleged in his Complaint a bright line change in his duties in January 2018 is disingenuous and whitewashes what Plaintiff actually plead in his Complaint.

Plaintiff, in his opposition, does point to alleged instances where comments were made by Defendants regarding Plaintiff's performance as a manager and owner, comments that Defendant Peter Meskouris was in charge, comments that Plaintiff was too old, and allegations that certain corporate formalities were allegedly not met. *Id.*, ¶¶ 25-28, 42-5, 47. 51, 53 and 59. Yet, nowhere in Plaintiff's Complaint does Plaintiff assert that his actual duties had changed post-January 2018. At best, Plaintiff's Complaint asserts that negative comments were made to Plaintiff beginning in January 2018 and that Defendants were not happy with Plaintiff's performance as an owner and manager.

Moreover, Plaintiff's Complaint does not articulate in any detail what job duties he actually performed post-January 2018 which were different from tasks he performed pre-January 2018. Further, Plaintiff conveniently ignores his allegation that in 2019, the night manager's employment was terminated, and Plaintiff was required to close the restaurant in his place and thus handled those managerial duties as well. *Id.*, ¶ 47. Again, Plaintiff and his Complaint offers

2

no explanation as to what his duties were at that time that differed from overseeing and managing the staff when there was no other manager on duty.

Plaintiff also further conveniently ignores in his motion papers that his December 26, 2019 letter, which is incorporated by reference to the Complaint, stated that he had been a working partner for the last thirty years, has worked the same or more hours in 2019, was paid a salary and profit distributions at all times (although they were reduced in 2018), and he was required to close the restaurant with no other manager present five of the seven nights. See Marcus Aff., Ex. B, p. 2.  Given that Plaintiff defined his duties in his Complaint through February 6, 2020 as managing the diner and its staff, Plaintiff's Complaint establishes Plaintiff was exempt pursuant to the business owner exemption.

Further, Plaintiff does not explain why he acknowledges he is exempt from overtime but not minimum wage when the exemptions for both are one and the same. See 29 U.S.C. § 213(a)(1). Moreover, Plaintiff offers no argument as to why his alleged change in job duties in January 2018 obviates the business owner exemption. As set forth in the US DOL's regulations, the purpose of the actively engaged portion of the test was to prevent an employee from receiving an illusory interest which clearly did not happen here.  69 FR 22122-01, 2004 * 15-16.[1]

Further, the cases cited by Plaintiff are easily distinguishable from the case herein. *Kim v. The Korean News of Chicago, Inc.*, 2017 WL 3034671 * 2 (N.D. Ill. 2017) is distinguishable as in that case, the plaintiff was promised a thirty percent interest in the company but never actually received an interest. The court held defendants did not establish the business owner affirmative

---

[1]   In any event, Plaintiff does not seem to dispute that any FLSA claims prior to January 2018 should be barred as Plaintiff does not dispute that he was actively engaged in management prior to such date.

3

defense as there was no proof that plaintiff was ever provided an actual interest in the company.[2] *Id.* Plaintiff's ownership interest is not disputed herein. *Jouleh v. Behzadi*, 2016 WL 11600604 (S.D. Fla. 2016) is also distinguishable as in that case the plaintiff merely asserted that he had a ten percent interest of the company, which does not satisfy the first prong of the twenty percent ownership rule. Conversely, Plaintiff admits that he satisfied this prong in his Complaint (¶ 12) and Opp. Memo. Accordingly, Plaintiff cannot now conveniently ignore his own pleadings and statements to whitewash his initial assertion that his primary duties were to oversee and manage the diner's staff as a general manger through February 6, 2020.[3]

### B. Plaintiff Has Failed To Sufficiently Allege Facts Which Would Raise A Plausible Inference Of An FLSA And/or NYLL Minimum Wage Violation.

Plaintiff, in its opposition papers, argues that Plaintiff has asserted a plausible FLSA and NYLL minimum wage claim because Plaintiff's Complaint does not contradict Plaintiff counsel's December 26, 2019 letter. See Opp. Memo, pp. 7-9. Specifically, Plaintiff argues that his claim that he did not receive his salary each week beginning in 2018 was not contradicted by his attorney's December 26, 2019 letter which states that his salary was slashed by 75 percent. See Opp. Memo, p. 9. Such argument misconstrues Defendants' argument by conveniently and improperly ignoring that Plaintiff counsel's December 26, 2019 letter clearly states and reflects that at all times Plaintiff continued to receive weekly profit compensation from Defendants *in addition* to his salary. See Marcus Aff., Ex. B, p. 2. Yet, Plaintiff's Complaint and opposition papers pretend that the only compensation he received from Defendants was the weekly salary

---

[2] The Court in *Kim*, supra, also noted that the plaintiff did not make any admissions in his complaint that he was actively engaged in management. *Id.* However, in *Kim* it does not appear that plaintiff's complaint articulated with any specificity what plaintiff's job duties were which is not the case herein.

[3] As set forth in Defendants' initial motion, if the Court finds that Plaintiff's FLSA claim should be dismissed, the Court may dismiss such claim and decline to exercise jurisdiction over Plaintiff's state law claims.

which he claims he did not receive certain weeks post-2018. This is explicitly belied by Plaintiff's counsel's December 26, 2019 letter which states Plaintiff received weekly profit distributions as compensation.

By failing to identify the weekly profit compensation that Plaintiff has received, Plaintiff has failed to set forth a plausible claim. By failing to acknowledge and identify such additional weekly compensation Plaintiff has merely asserted in conclusory form that he was not paid minimum wages in all or some weeks without setting forth particular facts sufficient to raise a plausible inference of an FLSA or NYLL violation. This is simply improper as a matter of law in the Second Circuit pursuant to *Lundy v. Catholic Health Sys. Of Long Island Inc.*, 711 F.3d 106, 114 (2d Cir. 2013), *Nakahata v. New York-Presbyterian Healthcare Sys.*, 723 F.3d 192, 201 (2d Cir. 2013); *Dejesus v. HF Mgmt. Servs.*, 726 F.3d 85, 89 (2d Cir. 2013), *cert. denied*, 134 S. Ct. 918 (2014) as Plaintiff has failed to assert specific facts tending to show he was paid below the minimum wage when salary and profit distributions are considered. Accordingly, Plaintiff's minimum wage claims should be dismissed.[4]

        C.    Plaintiff Is An Employer Pursuant To The FLSA And New York Labor Law And Is Not An Employee For Purposes Of Those Statutes.

Plaintiff, in opposition to Defendants' motion, argues that being an employer does not prohibit one from being an employee pursuant to the FLSA and NYLL. See Opp. Memo, pp. 9-10. Plaintiff further chides Defendants for not citing any cases to the contrary. Yet, Plaintiff fails to cite any supporting cases which show that an employer may bring a claim for minimum wages pursuant to the FLSA and NYLL. Rather, those statutes themselves contemplate claims by employees against employers, not vice versa. See e.g., 29 U.S.C. § 216(b) ("Any employer who

---

[4] Plaintiff also argues that since he was not paid all wages due, his claims pursuant to the NYLL should not be dismissed. See Opp. Memo, pp. 7-9. Defendants' motion focused on Plaintiff's NYLL minimum wage claims and did not raise such argument.

5

violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation. . . . ") (emphasis added). 29 N.Y. Labor Law § 198 1-a ("On behalf of any employee paid less than the wage to which he or she is entitled under the provisions of this article, the commissioner may bring any legal action necessary, including administrative action, to collect such claim and as part of such legal action, in addition to any other remedies and penalties otherwise available under this article, the commissioner shall assess against the employer the full amount of any such underpayment . . . . In any action instituted in the courts upon a wage claim by an employee or the commissioner in which the employee prevails, the court shall allow such employee to recover the full amount of any underpayment, all reasonable attorney's fees, prejudgment interest as required under the civil practice law and rules, and, unless the employer proves a good faith basis to believe that its underpayment of wages was in compliance with the law, an additional amount as liquidated damages . . . ." (emphasis added); N.Y. Labor Law § 195 ("Every employer shall: (1) notify his employees . . . ."). Accordingly, the very text of the FLSA and NYLL contemplate claims made by employees against their employers. As set forth in Defendants' initial memorandum, Plaintiff by his pleadings meets the definition of employer and it would be inconsistent with the framework of the FLSA and NYLL for an employer to assert a claim pursuant to these statutes.

Further, Plaintiff argues that Plaintiff was not an employer after January 2018 due to allegedly having been removed from his management position. See Opp. Memo, p. 10. As set forth above, Plaintiff's complaint does not actually assert that he was removed from his management position, but rather, as set forth in Point I above, Plaintiff's Complaint states that Plaintiff was "primarily employed as a general manager, managing the Airline Diner and

6

overseeing and managing its staff" and that he worked as general manager from 1989 until February 6, 2020. Marcus Aff., ¶¶ 20, 23 (emphasis added). Although such Complaint does identify instances where comments were made regarding Plaintiff's performance as a manager and owner in January 2018, such allegations do not demonstrate that he was actually removed from his management position. Accordingly, for the reasons set forth herein Plaintiff's FLSA and NYLL Labor Law claims should be dismissed.[5]

## POINT II

### PLAINTIFF'S SIXTH CAUSE OF ACTION FOR RETALIATION PURSUANT TO THE NEW YORK LABOR LAW SHOULD BE DISMISSED

Plaintiff in its opposition papers asserts that he properly plead a claim for retaliation pursuant to NYLL § 215 because Plaintiff was not required to issue a formal complaint by filing a lawsuit or a complaint to the Department of Labor as required by the FLSA, and that Plaintiff was not required to plead the specific words he stated when he made the complaint pursuant to NYLL § 215. See Opp. Memo p, p.11. Defendants do not dispute that point. Rather, it is Defendants' argument that Plaintiff has not articulated in his Complaint what violation of the NYLL he alleged in his informal complaint.

Further, while Defendants do not dispute that some courts have held that a specific recital of the exact words and/or whether such informal complaint made reference to state law is not required, other courts have required the plaintiff's complaint to articulate the basis of how the labor law was violated in such complaint. See e.g., *Ellis v. Harper Collins Publishers, Inc.*, 2000 WL 802900 (S.D.N.Y.2000) (dismissing NYLL § 215 claim where Plaintiff failed to plead that

---

[5] As set forth in Point III of Defendants' initial memorandum of law, Defendants reiterate that for the reasons set forth herein and in its motion papers, Plaintiff's seventh cause of action alleging claims for failing to receive a wage notice pursuant to New York Labor Law §195(3) should be dismissed on the basis Plaintiff cannot bring such claims as an employer.

7

he told her supervisors that defendants were acting in violation of state labor law and/or show that defendants were actually violating the state labor law). Moreover, courts have held that a plaintiff in their complaint must specifically state what provision of the New York Labor Law was violated which triggered the retaliation claim. See *Nichols v. Brookdale Univ.*, 2004 WL 1533831 (E.D.N.Y. 2004). Plaintiff in his opposition papers argues that he properly plead in his Complaint that he complained to Defendants when he "complained about a reduction of his salary and wage distributions" and questioned his reduction in wages. See Opp., Memo, p. 11. However, an employer's reduction of salary and wages is not in of itself a violation of the NYLL so long as it does not involve a failure to pay overtime or minimum wages. Conveniently, Plaintiff cites no provision of the labor law to the contrary. See e.g., *Epifani v. Johnson*, 65 A.D.3d 224, 236, 882 N.Y.S.2d 234 (2d Dept, 2009) (dismissing retaliation claim on complaint regarding overtime on basis the New York labor law does not contain any provisions governing overtime compensation). Accordingly, as Plaintiff has not plead which violation of the NYLL he allegedly complained of, Plaintiff's sixth cause of action should be dismissed.

### POINT III

### PLAINTIFF'S THIRD AND FOURTH CAUSES OF ACTION FOR AGE DISCRIMINATION PURSUANT TO THE NYSHRL AND NYCHRL SHOULD BE DISMISSED

Plaintiff in his opposition papers opposes Defendants' motion to dismiss the third and fourth causes of action pursuant to the NYSHRL and NYCHRL by referring to his prior argument that Plaintiff can bring such claims as an employer pursuant to the FLSA and NYLL. Opp. Memo, pp. 11-12. However, Defendants' brief also cited cases and arguments that differed from the arguments made that Plaintiff was not an employer pursuant to the FLSA and NYLL. See Defendants' Memorandum, pp. 19-20. These arguments and cases were not addressed by

Plaintiff in his opposition papers. Accordingly, Plaintiff's Third and Fourth Cause of Action should be dismissed for the reasons set forth in its initial motion papers and Point I(c) herein.

## POINT IV

### PLAINTIFF SHOULD NOT BE PERMITTED TO REPLEAD

Often, in dismissing a claim for failing to properly plead a cause of action, the Court may grant Plaintiff an opportunity to replead his Complaint. However, herein, Plaintiff has been put on notice that his Complaint was not plead properly upon Defendants' notice of Plaintiff's request for a pre-motion conference. Yet, at no point did Plaintiff ever evince an intent to amend his Complaint even though he has been on notice regarding the deficiencies of his Complaint. Nevertheless, any purported amendment would not cure his improper Complaint as Plaintiff has admitted in his Complaint that he was a business owner and was an employer pursuant to federal and state law.

As set forth in the Second Circuit, a Court is within its discretion to deny leave to replead when opposing party does not establish how pleading defects would be cured by repleading. See *Porat v. Lincoln Towers Community Assoc.*, 464 F.3d 274, 276 (2d Cir. 2006); see also *Wilson v. Merrill Lynch & Co. Inc.*, 671 F.3d 120, 140 (2d Cir. 2011) (denying leave to replead when party opposing motion failed to advise court how an amendment would cure its defect). Accordingly, it would not be in the interest of justice to permit Plaintiff to replead his Complaint.[6]

---

[6] Plaintiff in his Opp. Memo also states that they are putting Defendants on notice pursuant to Fed. R. Civ. P. Rule 11. However, such anticipated motion was not raised by Plaintiff or the Court during the pre-motion conference and Plaintiff has failed to comply with the requirements of Rule 11(c)(1) and (2) as well as the requirements laid out by the Second Circuit pursuant to Rule 11. Accordingly, such notice in and of itself is sanctionable.

## **CONCLUSION**

For the foregoing reasons, Defendants respectfully request that the Court grant its motion to dismiss Plaintiff's Complaint, along with such other and further relief as the Court deems just and proper.

Date: September 28, 2020
Garden City, New York

                                            Respectfully submitted,
                                            /s_____
                                            Joshua Marcus, Esq.
                                            **FRANKLIN, GRINGER & COHEN, P.C.**
                                            *Attorneys for Defendants*
                                            666 Old Country Road, Suite 202
                                            Garden City, New York 11530
                                            516.228.3131
                                            jmarcus@franklingringer.com

To:    Bob Kasolas, Esq.
         Michael H. Ansel, Esq.
         **BRACH EICHLER, LLC**
         101 Eisenhower Parkway
         Roseland, New Jersey 07068-1067
         (973) 228-5700
         bkasolas@bracheichler.com