UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ISAAC PASCHALIDIS,<br><br>　　　　　　　Plaintiff,<br><br>　　-against-<br><br>THE AIRLINE RESTAURANT CORP., JAMES MESKOURIS, PETER GEORGE MESKOURIS, and John Does #1-10,<br><br>　　　　　　　Defendants. | Case No.: 20-CV-02804 (LDH)(RLM)<br><br>**FIRST AMENDED COMPLAINT<br>AND JURY DEMAND** |

Plaintiff Isaac Paschalidis, ("Paschalidis" or "Plaintiff"), by and through his attorneys Brach Eichler LLC, hereby states as follows against defendants The Airline Restaurant Corp. ("Airline Diner"), James Meskouris ("James") and Peter George Meskouris ("Peter") (James and Peter shall hereinafter collectively be referred to as "Individual Defendants") (collectively "Defendants").

## NATURE OF THE ACTION

1.　　Paschalidis brings this proceeding to remedy Defendants' failure to pay wages owed to him in violation of: (i) the Fair Labor Standards Act of 1938 ("FLSA"), as amended 29 U.S.C. §§ 201 *et seq.*; (ii) the New York Minimum Wage Order for the Hospitality Industry ("Hospitality Wage Order"), 12 N.Y. Code of Rules and Regulations §§ 146 *et seq.*, promulgated and enforced under the New York Minimum Wage Act ("NYMWA"), New York Labor Law ("NYLL") §§ 650 *et seq.*; and (iii) the New York Payment of Wages Act ("NYPWA"), NYLL §§ 190 *et seq.* Paschalidis seeks declaratory relief, compensatory damages, and liquidated damages, together with reasonable attorneys' fees, costs of this action, pre- and post-judgment interest, and other

1

appropriate relief pursuant to the FLSA § 16(b), 29 U.S.C. § 216(b); the NYMWA, NYLL § 663(1); and the NYPWA, NYLL § 198.

2. Paschalidis also brings this proceeding to remedy Defendants' unlawful discrimination against him in violation of: (i) the New York Human Rights Law, Exec. Law § 296(1)(a) (the "Executive Law"); and (ii) the New York City Human Rights Law, New York City Administrative Code, § 8-107(1)(a) (the "City Law"). Paschalidis seeks injunctive and declaratory relief, compensatory damages, liquidated damages and punitive damages, together with reasonable attorneys' fees, costs of this action, pre-and post-judgment interest, and other appropriate legal and equitable relief.

3. Paschalidis also brings this proceeding to remedy Defendants' retaliatory actions against him pursuant to the FLSA § 15(a)(3), 29 U.S.C. § 215(a)(3), and NYLL § 215. Paschalidis seeks injunctive and declaratory relief, compensatory damages, liquidated damages and punitive damages, together with reasonable attorneys' fees, costs of this action, pre-and post-judgment interest, and other appropriate legal and equitable relief pursuant to the FLSA § 16(b), 29 U.S.C. § 216(b), and NYLL § 215(2).

## JURISDICTION AND VENUE

4. This Court has jurisdiction over Paschalidis's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b). This Court has supplemental jurisdiction over Paschalidis's state law claims pursuant to 28 U.S.C. § 1367, because these claims closely relate to his FLSA claims, having arisen from a common nucleus of operative facts such that they form part of the same case or controversy.

5. As Defendants regularly conduct business within and own and operate several businesses within the Eastern District of New York, venue is proper within this District pursuant

to 28 U.S.C. § 1391.

6. Pursuant to NYLL § 215(2)(b), upon filing of this Complaint, Paschalidis will serve a copy of the filed Complaint on the New York State Attorney General.

7. Pursuant to § 8-502(c) of the City Law, upon filing of this Complaint, Paschalidis will serve a copy of the filed Complaint on the City of New York Commission on Human Rights and the Corporation Counsel of the City of New York.

## PARTIES

8. Paschalidis is a citizen of the City and State of New York and resides in Queens County in New York City. Plaintiff is a 63-year-old male.

9. Paschalidis is a former employee of Defendants.

10. Defendants own and operate or control a restaurant operating as "Jackson Hole" and the "Airline Diner" located at 6935 Astoria Boulevard North, East Elmhurst, New York 11370 (the "Premises").

11. Upon information and belief, Individual Defendants serve as officers directors, owners, managers, principals or agents of the Airline Diner, operate the Premises, have the power to hire and fire employees, set wages and schedules, and retain their records, and constitute "employers" pursuant to the FLSA, New York Labor Law, and federal and state implementing regulations.

12. Upon information and belief, John Does #1-10 represent the other owners, officers, directors, members, and/or managing agents of the corporate defendant, whose identities are unknown at this time, who participated in the day-to-day operations of defendants, who have the power to hire and fire employees, set wages and schedules, and retain their records, and who constitute "employers" pursuant to the FLSA, New York Labor Law, and federal and state

implementing regulations.

11. Defendants Airline Diner, James, and Peter constitute "employers" pursuant to the FLSA, New York Labor Law, and federal and state implementing regulations.

12. From its inception in 1989, Paschalidis was and is a minority shareholder of the Airline Diner with twenty-five (25%) percent of its outstanding stock and an officer and director serving as its Treasurer.

13. Individual Defendants own seventy-five (75%) percent of the Airline Diner's outstanding stock and are officers and directors of the Airline Diner.

## FACTUAL ALLEGATIONS

14. At all times relevant to this action, Paschalidis was an employee within the meaning of the FLSA, the Hospitality Wage Order, the NYMWA, and the NYPWA.

15. At all times relevant to this action, Defendants were Paschalidis' employers within the meaning of the FLSA, the Hospitality Wage Order, the NYMWA, and the NYPWA.

16. At all times relevant to this action, Paschalidis was an employee within the meaning of the Executive Law and the City Law.

17. At all times relevant to this action, Defendants were employers within the meaning of the Executive Law and the City Law.

18. At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting interstate commerce.

19. At all times relevant to this action, the Airline Diner had a gross annual revenue of $500,000 or more.

20. Paschalidis was primarily employed as a general manager, managing the Airline Diner and overseeing and managing its staff. His responsibilities included not just overseeing

employee work, but performing staff duties such as operating the cash register, seating guests, cleaning tables, taking phone orders for delivery or pick up, and taking orders and serving customers seated at the counter.

21. In the last six years, Paschalidis worked between 46 and 60 hours per week. Prior to that Paschalidis worked between 60 and 80 hours per week for over two decades.

22. Paschalidis regularly worked the following hours on the following days: Wednesdays from 4:00 pm until 12:00 am, Thursdays from 10:00 am until 12:00 am, Friday from 4:00 pm until 3:00 am, Saturdays from 4:00 pm until 3:00 am and Sundays from 4:00 pm until 12:00 am.

23. In addition, from January 2018, Paschalidis worked the aforementioned schedule and an additional 30 days covering shifts for Peter George Meskouris in which he would work his own regular shifts and the coverage shifts, leading to Paschalidis working entire workweeks at a time from 10:00 until 12:00 am on Monday, Tuesday, Wednesday and Thursday, as well as Friday and Saturday from 10:00 am until 3:00 am and Sunday from 10:00 am until 12:00 am.

24. Further, on at least 20 occasions, from January 2018, Peter George Meskouris had called Paschalidis and asked him to close the register for the day shifts because he said he "was not feeling well" and Paschalidis would arrive at work approximately two (2) hours prior to his 10:00 am shift to closeout the register.

25. As a shareholder and manager, Paschalidis was exempt from overtime.

26. Paschalidis worked as general manager from 1989 until February 6, 2020.

27. From 2014-2018, Paschalidis was paid a weekly wage of $2,300.00 as was his agreed upon salary.

28. Beginning in January 2018, Individual Defendants began to shut Paschalidis out of

5

the business, restricting his access to records, and informing the Airline Diner employees that Paschalidis has "no authority" and "not to listen to him but only the shift manager" or Individual Defendants.

29. Beginning in January 2018, Individual Defendants prevented Paschalidis from having access to payroll records, reviewing or performing payday payouts to employees or having access to the schedule or list of employees.

30. Beginning in January 2018, Individual Defendants did not meet with Paschalidis or provide notice of the Airline Diner meetings to Paschalidis as a shareholder, officer, director.

31. Beginning in January 2018, Individual Defendants began a scheme to misappropriate corporate assets and shut Paschalidis out from being able to identify their plan by removing business records off site, removing register printouts and guest checks and lying to Paschalidis as to the general revenue of the business.

32. In January 2018, without notice or reason, Individual Defendants ceased paying Paschalidis his weekly wage for over six months.

33. Paschalidis did not agree to have his agreed upon wage altered.

34. Paschalidis was also not provided with any distributions during this time.

35. Thereafter, in August 2018, Paschalidis was paid $500 per week for several weeks and then $1,000 per week.

36. Paschalidis did not agree to this reduced weekly wage amount.

37. Throughout this whole period, Paschalidis continued to work the same number of hours and shifts as he had and even covered shifts for other shareholders when they requested the same.

38. Paschalidis was told by Individual Defendants that the business was not making

6

enough money to justify paying him a salary of $2,300.00 per week.

39. Having worked in the location for over three decades, Paschalidis saw that there was no slowdown of customers to justify Individual Defendants' claims.

40. Defendants' failure to pay plaintiff's wages owed under the FLSA, the Hospitality Wage Order, the NYMWA and the NYPWA was a willful violation of those statues.

41. All of the actions or omissions complained of herein were undertaken by Defendants directly or through their agents.

42. Defendants have not supplied Paschalidis with required notice pursuant to 12 N.Y.C.R.R. §§ 137, 146, nor has Paschalidis received accurate wage statements or wage notices pursuant to 12 N.Y.C.R.R. §§ 137, 146.

43. Defendants did not provide Paschalidis with an accurate statement of wage with each payment of wages, as required by New York Labor Law ("NYLL") § 195(3).

44. Prior to reducing his wage to $0 and then again for subsequent changes to $500 and $1000 per week, Defendants did not give Paschalidis any notice of his rate of pay, pay day or other such information as required by NYLL § 195(1).

45. In January of 2019, Defendant Peter began to take over the shifts of Defendant James and told Paschalidis that he was "running things now."

46. In or about September of 2019, Defendant Peter told Paschalidis "you are not an owner here, I am *the* owner."

47. During the same time, Individual Defendants removed Paschalidis as a signatory to the operating account.

48. When Paschalidis questioned Defendant Peter about his removal from the account and the fact that Individual Defendants moved corporate records, guest checks, and cash register

printouts offsite, Defendant Peter told him "I can do whatever I want and you can't do anything about it."

49. In closing this conversation, Defendant Peter, who is more than twenty years younger than Paschalidis, said "you don't get how business works these days, why don't you just retire?"

50. Within two weeks of this conversation, Individual Defendants terminated the night shift manager who worked alongside Paschalidis without any reason.

51. The day that Individual Defendants terminated the night shift manager, Peter told Paschalidis "now you will have to close the store everyday by yourself and you will suffer because you are too old."

52. In December of 2019, Defendant Peter told Paschalidis that he wants Paschalidis out of the business in response to Paschalidis's questions about his severely reduced wages, the lack of profit distributions, and Individual Defendants keeping all corporate records and payroll from him. Paschalidis said that Peter could not legally take away his shares or force him out.

53. In response, Defendant Peter told Paschalidis that he was a "piece of s***" "a nobody" and threatened Paschalidis that he would ruin his family, that he would falsely "tell your wife that you are having an affair with the waitresses" and he would "ruin your son and daughter's reputations."

54. Defendant Peter further told Paschalidis that he fired the night manager to "make you my slave" that "you work for me" and are "too old to handle working without a manager" that "I will fire your c*** waitress niece here to show you that you are nothing." Peter further stated "if not for my father you would have never amounted to anything because you are nothing and a nobody."

BE:12190589.1/PAS084-277854

55. In response, Paschalidis told Peter that he was "a partner from the very beginning" and helped build the brand with Peter's father and uncle over forty years ago. Further, Paschalidis stated that Peter was not allowed to "rob the business" to fund his personal habits and still had to account for the business and pay Plaintiff for his work.

56. Defendant Peter again threatened Paschalidis, telling him that the Airline Diner's money was "mine and only mine" and hung up the phone.

57. The next day, Paschalidis called Peter and told him that they should focus on moving forward to which Peter said "don't ever f****** call me again, old man."

58. Plaintiff attempted to remedy the situation with Defendant Peter by calling Defendant James, but to no avail.

59. Without any ability to speak to Individual Defendants directly, Paschalidis retained counsel to demand an accounting and inspection to the books and records of the Airline Diner.

60. On December 26, 2019, via counsel, Paschalidis made his demands upon Defendants and also requested a path to resolving any differences they had.

61. Defendants refused the demands by Paschalidis.

62. During that time, Defendants removed Paschalidis's access to view the operating account balance online and stopped paying Paschalidis altogether.

63. On February 6, 2020, Defendants, via counsel, notified Paschalidis that he was terminated as an employee of the Airline Diner as of February 7, 2020.

64. From January 22, 2020, through February 6, 2020, Paschalidis worked his standard hours as general manager.

65. In addition to the previous failures to pay for over six months and unlawful reductions in pay thereafter, Defendants did not pay Paschalidis for his work as an employee from

January 22, 2020, through February 6, 2020.

66. Defendants unlawfully terminated Paschalidis for complaining about his compensation.

## FIRST CAUSE OF ACTION
### (Unpaid Minimum Wage Under The FLSA)

67. Paschalidis repeats and realleges all paragraphs above as though fully set forth herein.

68. At all times relevant to this cause of action, Defendants employed Paschalidis within the meaning of the FLSA.

69. Defendants violated the FLSA by willfully failing to pay Paschalidis at least the minimum wage for each hour worked.

70. As a consequence of defendants' willful violation of plaintiff's rights under the FLSA, plaintiff is entitled to recover from defendants, jointly and severally, their unpaid wages, 100 percent of that amount as liquidated damages, costs, and reasonable attorneys' fees.

## SECOND CAUSE OF ACTION
### (Unpaid Wages Under The NYMWA)

71. Paschalidis repeats and realleges all paragraphs above as though fully set forth herein.

72. At all times relevant to this cause of action, Defendants employed Paschalidis within the meaning of the Wage Hospitality Order and the NYMWA.

73. Defendants violated the Wage Hospitality Order by willfully failing to pay Paschalidis's wages for each week he worked.

74. As a consequence of Defendants' willful violation of Paschalidis's rights under the NYMWA and Hospitality Wage Order, Paschalidis is entitled to recover from Defendants, jointly

BE:12190589.1/PAS084-277854

and severally, his unpaid wages, one-hundred (100%) percent of that amount as liquidated damages, costs, and reasonable attorneys' fees.

### THIRD CAUSE OF ACTION
### (Age Discrimination Under The New York Human Rights Law)

75. Paschalidis repeats and realleges all paragraphs above as though fully set forth herein.

76. By the acts and practices described above, Defendants have discriminated against Paschalidis in the terms and conditions of his employment on the basis of his age, in violation of the New York Human Rights Law, Exec. Law § 296(1)(a).

77. Paschalidis is now suffering irreparable injury and monetary damages, including lost wages, lost fringe benefits, and emotional distress because of Defendants' discriminatory conduct and will continue to do so unless and until the Court grants relief.

### FOURTH CAUSE OF ACTION
### (Age Discrimination Under The New York City Human Rights Law)

78. Paschalidis repeats and realleges all paragraphs above as though fully set forth herein.

79. By the acts and practices described above, Defendants have discriminated against Paschalidis in the terms and conditions of his employment on the basis of his age, in violation of the New York City Human Rights Law, New York City Administrative Code, § 8-107(1)(a).

80. Defendants acted with malice and/or reckless indifference to Paschalidis's statutorily protected rights and warrants the award of punitive damages.

81. Paschalidis is now suffering irreparable injury and monetary damages, including lost wages, lost fringe benefits, and emotional distress because of Defendants' discriminatory

conduct and will continue to do so unless and until the Court grants relief.

82. Paschalidis will comply with New York City Administrative Code, § 8-502(c) by sending a copy of this filed Complaint and Jury Demand to the New York City Corporation's Office and the New York City Human Rights office within ten (10) days of commencement.

## FIFTH CAUSE OF ACTION
### (Retaliation Under The FLSA)

83. Paschalidis repeats and realleges all paragraphs above as though fully set forth herein.

84. By the conduct described above, Defendants unlawfully retaliated against Paschalidis for engaging in statutorily protected activity in violation of the FLSA, 29 U.S.C. § 215(a)(3).

85. Defendants knew that their actions constituted unlawful retaliation and/or showed reckless disregard for Paschalidis's statutorily protected rights.

86. As a consequence of Defendants' retaliatory actions in violation of the FLSA, Paschalidis is now suffering irreparable injury, emotional distress, and monetary damages and will continue to do so unless and until the Court grants relief.

87. As a consequence of Defendants' retaliatory actions, Paschalidis is entitled to recover from defendants, jointly and severally, lost compensation, liquidated damages, costs, reasonable attorneys' fees, and other appropriate legal and equitable relief pursuant to the FLSA, 29 U.S.C. § 216(b).

## SIXTH CAUSE OF ACTION
### (Retaliation Under The NYLL)

88. Paschalidis repeats and realleges all paragraphs above as though fully set forth herein.

89. Paschalidis attempted to enforce his rights under the NYLL by complaining to Defendants about their non-payment of wages to him.

90. Paschalidis's actions are protected activities under NYLL § 215.

91. By the conduct described above, Defendants unlawfully retaliated against Paschalidis for engaging in statutorily protected activity in violation of the NYLL.

92. A reasonable employee would have found each retaliatory act described herein to be materially adverse. Each retaliatory act alleged herein could dissuade a reasonable employee from making or supporting a complaint about wage and hour violations, and was intended to do so.

93. Defendants retaliated against Paschalidis, as alleged herein, in order to harass and intimidate Paschalidis and to otherwise interfere with his attempt to vindicate his rights under the NYLL.

94. As a consequence of Defendants' retaliatory actions in violation of the NYLL, Paschalidis is now suffering irreparable injury, emotional distress, and monetary damages and will continue to do so unless and until the Court grants relief.

95. As a consequence of Defendants' retaliatory actions, Paschalidis is entitled to recover from defendants, jointly and severally, lost pay, compensatory damages, punitive damages, costs, reasonable attorneys' fees, and other appropriate relief pursuant to NYLL § 215.

96. Notice of this claim will be served upon the Attorney General pursuant to NYLL § 215(2)(b) upon commencement.

### SEVENTH CAUSE OF ACTION
### (Violation Of NYLL Wage Notice Requirements)

97. Paschalidis repeats and realleges all paragraphs above as though fully set forth

herein.

98. At all relevant times, Paschalidis was employed by Defendants within the meaning of the NYLL § 2 and 651.

99. The wages and supplemental benefits Defendants were obligated to Paschalidis are wages within the meaning of NYLL §§ 190 and 198.

100. NYLL, Article 6, § 195(3) provides, inter alia, that every employer shall furnish each employee with every payment of wages a statement listing gross wages, deductions and net wages, and upon request of an employee, furnish an explanation of how such wages were computed.

101. Defendants failed to provide Paschalidis with a written notice for every wage change containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any trade names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer as required by NYLL § 195(1).

102. As a direct and proximate result of Defendants' willful and unlawful conduct, as set forth herein, Paschalidis has sustained damages and seeks damages in accordance with §198 of the NYLL because Defendants failed to provide such payment, along with attorneys' fees, costs and prejudgment interest as provided by NYLL § 198 and supporting regulations, and such other legal and equitable relief as this Court deems just and proper.

## PRAYER FOR RELIEF

WHEREFORE, Paschalidis respectfully requests that this Court enter judgment against

14

Defendants by:

    (a) Declaring that Defendants violated the wage provisions of, and associated rules and regulations under, the FLSA as to Paschalidis;

    (b) Declaring that Defendants' conduct complained of herein violates Paschalidis 's rights under the FLSA, the Hospitality Wage Order, the NYMWA, and the NYPWA;

    (c) Enjoining and permanently restraining Defendants from violating the NYMWA and the NYPWA;

    (d) A compensatory award of unpaid compensation, at the agreed rate, due under the FLSA;

    (e) An award of liquidated damages as a result of Defendants' willful failure to pay the agreed wage pursuant to 29 U.S.C. § 216;

    (f) Liquidated damages for Defendants' New York Labor Law violations;

    (g) Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Paschalidis's compensation, hours, wages, and any deductions or credits taken against wages;

    (h) Awarding Paschalidis liquidated damages in an amount equal to 100% of their damages for the amount of unpaid minimum wages and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

    (i) Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Paschalidis;

    (j) Awarding Paschalidis compensatory damages, lost pay, liquidated damages, and punitive damages because of Defendants' unlawful retaliation against him in violation of the FLSA, 29 U.S.C. § 215(a)(3), and NYLL § 215(1);

(k) Declaring the acts and practices complained of herein are in violation of the Executive Law, and the City Law;

(l) Enjoining and permanently restraining these violations of the Executive Law, and the City Law;

(m) Directing Defendants to pay Paschalidis an additional amount as liquidated damages for the intentional violations of the Executive Law, and the City Law;

(n) Directing Defendants to pay an additional amount to compensate plaintiff for the emotional distress defendants' unlawful conduct in violation of the Executive Law and the City Law has caused Paschalidis;

(o) Declaring that defendants violated the notice and recordkeeping requirements of the NYLL with respect to Paschalidis's compensation, wages, and any deductions or credits taken against wages;

(p) Awarding Paschalidis damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§ 198(1-b), 198(1-d);

(q) Awarding Paschalidis pre-judgment and post-judgment interest as applicable;

(r) Awarding Paschalidis the expenses incurred in this action, including costs and attorneys' fees;

(s) Providing that if any amounts remain unpaid upon the expiration of ninety days following the issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(t) All such other and further relief as the Court deems just and proper.

BE:12190589.1/PAS084-277854

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Paschalidis demands a trial by jury in this action.

|  |  |
|---|---|
|  | **BRACH EICHLER LLC** <br> *Attorneys for Plaintiff* |
| Dated: November 23, 2021 | HARALAMPO KASOLAS, ESQ. <br> 101 Eisenhower Parkway <br> Roseland, New Jersey 07068-1067 <br> (973) 228-5700 (t) <br> bkasolas@bracheichler.com |

17