**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
---------------------------------------------------------------------X

ISAAC PASCHALIDIS,                                    Index No.: 20-CV-02804
                                                      (LDH)(RLM)
                                    Plaintiff,

          -against-                                   **ANSWER TO FIRST**
                                                      **AMENDED COMPLAINT,**
                                                      **AFFIRMATIVE**
                                                      **DEFENSES**
                                                      **AND COUNTER-CLAIM**
                                                      **AGAINST PLAINTIFF**

**THE AIRLINE RESTAURANT CORP., JAMES**
**MESKOURIS, PETER GEORGE MESKOURIS,**
**and John Does #1-10,**

                                    Defendants.
---------------------------------------------------------------------X

Defendants, THE AIRLINE RESTAURANT CORP., JAMES MESKOURIS and PETER

GEORGE MESKOURIS, (hereinafter collectively "Defendants"), by its attorneys **FRANKLIN,**

**GRINGER & COHEN, P.C.**, as and for their answer to Plaintiff's First Amended Complaint and

Jury Demand, allege as follows:

1.      The first paragraph of the Complaint sets forth that Plaintiff is bringing claims

pursuant to the Fair Labor Standards Act (FLSA), the New York Labor Law (NYLL), the New

York Minimum Wage Act (NYMWA), and the New York Payment of Wages Act (NYPWA) as

such contains no allegations of fact; to the extent it may be read as setting forth any allegations of

fact, Defendants deny those allegations.

2.      The second paragraph of the Complaint sets forth that Plaintiff is bringing claims

pursuant to the New York Human Rights Law, (Executive Law) and the New York City Human

Rights Law (City Law) as such contains no allegations of fact; to the extent it may be readd as

setting forth any allegations of fact, Defendants deny those allegations.

3.     The third paragraph of the Complaint sets forth that Plaintiff is bringing claims pursuant to the Fair Labor Standards Act (FLSA) and New York Labor Law (NYLL) as such contains no allegations of fact; to the extent it may be read as setting forth any allegations of fact, Defendants deny those allegations.

4.     The fourth paragraph of the Complaint sets forth jurisdictional invocations that Defendants are not obligated to answer; to the extent it may be read as setting forth any allegations of fact, Defendants deny those allegations.

5.     The fifth paragraph of the Complaint sets forth venue invocations that Defendants are not obligated to answer; to the extent it may be read as setting forth any allegations of fact, Defendants deny those allegations.

6.     Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 6 of the Complaint.

7.     Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 7 of the Complaint.

8.     Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 8 of the Complaint.

9.     The ninth paragraph of the Complaint sets forth a legal conclusion that Defendants are not obligated to answer; to the extent it may be read as setting forth any allegations of fact, Defendants deny those allegations.

10.     Defendants admit the allegations contained in Paragraph 10 of the Complaint.

11.     The eleventh paragraph of the Complaint sets forth a legal conclusion that Defendants are not obligated to answer; to the extent it may be read as setting forth any allegations of fact, Defendants deny those allegations.

12.     Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 12 of the Complaint.

11. (sic) The eleventh paragraph of the Complaint sets forth a legal conclusion that Defendants are not obligated to answer; to the extent it may be read as setting forth any allegations of fact, Defendants deny those allegations.

12.     Defendants deny the allegations contained in Paragraph 12 of the Complaint, Defendants refer to any documents that are true and correct and dispositive on this issue.

13.     Defendants deny the allegations contained in Paragraph 13 of the Complaint, except admit that Defendant Peter Meskouris is a 75% owner.

14.     The fourteenth paragraph of the Complaint sets forth a legal conclusion that Defendants are not obligated to answer; to the extent it may be read as setting forth any allegations of fact, Defendants deny those allegations.

15.     The fifteenth paragraph of the Complaint sets forth a legal conclusion that Defendants are not obligated to answer; to the extent it may be read as setting forth any allegations of fact, Defendants deny those allegations.

16.     The sixteenth paragraph of the Complaint sets forth a legal conclusion that Defendants are not obligated to answer; to the extent it may be read as setting forth any allegations of fact, Defendants deny those allegations.

17.     The seventeenth paragraph of the Complaint sets forth a legal conclusion that Defendants are not obligated to answer; to the extent it may be read as setting forth any allegations of fact, Defendants deny those allegations.

18.     Defendants admit the allegations contained in Paragraph 18 of the Complaint.

19.     Defendants admit the allegations contained in Paragraph 19 of the Complaint.

20.     Defendants deny the allegations contained in Paragraph 20 of the Complaint, except admit that Plaintiff was an owner/manager.

21.     Defendants deny the allegations contained in Paragraph 21 of the Complaint.

22.     Defendants deny the allegations contained in Paragraph 22 of the Complaint.

23.     Defendants deny the allegations contained in Paragraph 23 of the Complaint.

24.     Defendants deny the allegations contained in Paragraph 24 of the Complaint.

25.     Defendants admit the allegations contained in Paragraph 25 of the Complaint.

26.     Defendants deny the allegations contained in Paragraph 26 of the Complaint, except admit Plaintiff was an owner/manager.

27.     Defendants deny the allegations contained in Paragraph 27 of the Complaint.

28.     Defendants deny the allegations contained in Paragraph 28 of the Complaint.

29.     Defendants deny the allegations contained in Paragraph 29 of the Complaint.

30.     Defendants deny the allegations contained in Paragraph 30 of the Complaint.

31.     Defendants deny the allegations contained in Paragraph 31 of the Complaint.

32.     Defendants deny the allegations contained in Paragraph 32 of the Complaint.

33.     Defendants deny the allegations contained in Paragraph 33 of the Complaint.

34.     Defendants deny the allegations contained in Paragraph 34 of the Complaint.

35.     Defendants deny the allegations contained in Paragraph 35 of the Complaint.

36.     Defendants deny the allegations contained in Paragraph 36 of the Complaint.

37.     Defendants deny the allegations contained in Paragraph 37 of the Complaint.

38.     Defendants deny the allegations contained in Paragraph 38 of the Complaint.

39.     Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 39 of the Complaint.

40.     The fortieth paragraph of the Complaint sets forth a legal conclusion that Defendants are not obligated to answer; to the extent it may be read as setting forth any allegations of fact, Defendants deny those allegations.

41.     Defendants deny the allegations contained in Paragraph 41 of the Complaint.

42.     The forty-second paragraph of the Complaint sets forth a legal conclusion that Defendants are not obligated to answer; to the extent it may be read as setting forth any allegations of fact, Defendants deny those allegations.

43.     The forty-third paragraph of the Complaint sets forth a legal conclusion that Defendants are not obligated to answer; to the extent it may be read  as setting forth any allegations of fact, Defendants deny those allegations.

44.     The forty-fourth paragraph of the Complaint sets forth a legal conclusion that Defendants are not obligated to answer; to the extent it may be read as setting forth any allegations of fact, Defendants deny those allegations.

45.     Defendants deny the allegations contained in Paragraph 45 of the Complaint.

46.     Defendants deny the allegations contained in Paragraph 46 of the Complaint.

47.     Defendants deny the allegations contained in Paragraph 47 of the Complaint.

48.     Defendants deny the allegations contained in Paragraph 48 of the Complaint.

49.     Defendants deny the allegations contained in Paragraph 49 of the Complaint.

50.     Defendants deny the allegations contained in Paragraph 50 of the Complaint.

51.     Defendants deny the allegations contained in Paragraph 51 of the Complaint.

52.     Defendants deny the allegations contained in Paragraph 52 of the Complaint.

53.     Defendants deny the allegations contained in Paragraph 53 of the Complaint.

54.     Defendants deny the allegations contained in Paragraph 54 of the Complaint.

55.     Defendants deny the allegations contained in Paragraph 55 of the Complaint, except admit that Plaintiff was an owner/employer.

56.     Defendants deny the allegations contained in Paragraph 56 of the Complaint.

57.     Defendants deny the allegations contained in Paragraph 57 of the Complaint.

58.     Defendants deny the allegations contained in Paragraph 58 of the Complaint.

59.     Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 59 of the Complaint.

60.     Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 60 of the Complaint.

61.     Defendants deny the allegations contained in Paragraph 61 of the Complaint.

62.     Defendants deny the allegations contained in Paragraph 62 of the Complaint.

63.     Defendants deny the allegations contained in Paragraph 63 of the Complaint and Defendants refer to any relevant documents and/or actions for interpretation by the court for determination of the legal effect of same.

64.     Defendants deny the allegations contained in Paragraph 64 of the Complaint, except admit Plaintiff was a manger and owner.

65.     Defendants deny the allegations contained in Paragraph 65 of the Complaint.

66.     Defendants deny the allegations contained in Paragraph 66 of the Complaint.

67.     As to Paragraph 67 of the Complaint Defendants repeat and reallege its answers to each and every allegation contained in Paragraph 1 to 66 of the Complaint as if fully set forth herein.

68.     The sixty-eighth paragraph of the Complaint sets forth a legal conclusion that Defendants are not obligated to answer; to the extent it may be read as setting forth any allegations

of fact, Defendants deny those allegations.

69.     The sixty-ninth paragraph of the Complaint sets forth a legal conclusion that Defendants are not obligated to answer; to the extent it may be read as setting forth any allegations of fact, Defendants deny those allegations.

70.     The seventieth paragraph of the Complaint sets forth a legal conclusion that Defendants are not obligated to answer; to the extent it may be read as setting forth any allegations of fact, Defendants deny those allegations.

71.     As to Paragraph 71 of the Complaint Defendants repeat and reallege its answers to each and every allegation contained in Paragraphs 1 to 70 of the Complaint as if fully set forth herein.

72.     The seventy-second paragraph of the Complaint sets forth a legal conclusion that Defendants are not obligated to answer; to the extent it may be read as setting forth any allegations of fact, Defendants deny those allegations.

73.     The seventy-third paragraph of the Complaint sets forth a legal conclusion that Defendants are not obligated to answer; to the extent it may be read as setting forth any allegations of fact, Defendants deny those allegations.

74.     The seventy-fourth paragraph of the Complaint sets forth a legal conclusion that Defendants are not obligated to answer; to the extent it may be read as setting forth any allegations of fact, Defendants deny those allegations.

75.     As to Paragraph 75 of the Complaint Defendants repeat and reallege its answers to each and every allegation contained in Paragraphs 1 to 74 of the Complaint as if fully set forth herein.

76.     The seventy-sixth paragraph of the Complaint sets forth a legal conclusion that

Defendants are not obligated to answer; to the extent it may be read as setting forth any allegations of fact, Defendants deny those allegations.

77.     Defendants deny the allegations contained in Paragraph 77 of the Complaint.

78.     As to Paragraph 78 of the Complaint Defendants repeat and reallege its answers to each and every allegation contained in Paragraphs 1 to 77 of the Complaint as if fully set forth herein.

79.     The seventy-ninth paragraph of the Complaint sets forth a legal conclusion that Defendants are not obligated to answer; to the extent it may be read as setting forth any allegations of fact, Defendants deny those allegations.

80.     Defendants deny the allegations contained in Paragraph 80 of the Complaint.

81.     Defendants deny the allegations contained in Paragraph 81 of the Complaint.

82.     Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 82 of the Complaint.

83.     As to Paragraph 83 of the Complaint Defendants repeat and reallege its answers to each and every allegation contained in Paragraphs 1 to 82 of the Complaint as if fully set forth herein.

84.     The eighty-fourth paragraph of the Complaint sets forth a legal conclusion that Defendants are not obligated to answer; to the extent it may be read as setting forth any allegations of fact, Defendants deny those allegations.

85.     Defendants deny the allegations contained in Paragraph 85 of the Complaint.

86.     The eighty-sixth paragraph of the Complaint sets forth a legal conclusion that Defendants are not obligated to answer; to the extent it may be read as setting forth any allegations of fact, Defendants deny those allegations.

87.     The eighty-seventh paragraph of the Complaint sets forth a legal conclusion that Defendants are not obligated to answer; to the extent it may be read as setting forth any allegations of fact, Defendants deny those allegations.

88.     As to Paragraph 88 of the Complaint Defendants repeat and reallege its answers to each and every allegation contained in Paragraph 1 to 87 of the Complaint as if fully set forth herein.

89.     The eighty-ninth paragraph of the Complaint sets forth a legal conclusion that Defendants are not obligated to answer; to the extent it may be read as setting forth any allegations of fact, Defendants deny those allegations.

90.     The ninetieth paragraph of the Complaint sets forth a legal conclusion that Defendants are not obligated to answer; to the extent it may be read as setting forth any allegations of fact, Defendants deny those allegations.

91.     The ninety-first paragraph of the Complaint sets forth a legal conclusion that Defendants are not obligated to answer; to the extent it may read as setting forth any allegations of act, Defendants deny those allegations.

92.     Defendants deny the allegations contained in Paragraph 92 of the Complaint.

93.     The ninety-third paragraph of the Complaint sets forth a legal conclusion that Defendants are not obligated to answer; to the extent it may be read as setting forth any allegations of fact, Defendants deny those allegations.

94.     The ninety-fourth paragraph of the Complaint sets forth a legal conclusion that Defendants are not obligated to answer; to the extent it may be read as setting forth any allegations of fact, Defendants deny those allegations.

95.     The ninety-fifth paragraph of the Complaint sets forth a legal conclusion that

Defendants are not obligated to answer; to the extent it may be read as setting forth any allegations of fact, Defendants deny those allegations.

96.     Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 96 of the Complaint.

97.     As to Paragraph 97 of the Complaint Defendants repeat and reallege its answers to each and every allegation contained in Paragraphs 1 to 96 of the Complaint as if fully set forth herein.

98.     The ninety-eighth paragraph of the Complaint sets forth a legal conclusion that Defendants are not obligated to answer; to the extent it may be read as setting forth any allegations of fact, Defendants deny those allegations.

99.     The ninety-ninth paragraph of the Complaint sets forth a legal conclusion that Defendants are not obligated to answer; to the extent it may be read as setting forth any allegations of fact, Defendants deny those allegations.

100.    The one hundredth paragraph of the Complaint sets forth a legal conclusion that Defendants are not obligated to answer.

101.    The one hundred and first paragraph of the Complaint sets forth a legal conclusion that Defendants are not obligated to answer; to the extent it may be read a setting forth any allegations of fact, Defendants deny those allegations.

102.    The one hundred and second paragraph of the Complaint sets forth a legal conclusion that Defendants are not obligated to answer; to the extent it may be read as setting forth any allegation of fact, Defendants deny those allegations.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

103.    The Complaint as pleaded fails to state cause of action against the Defendants.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

104.    Plaintiff was an employer and/or joint employer as he was an owner of Defendant Airline Restaurant Corp. and managed Defendant Airline Restaurant Corp. and set schedules and pay rates.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

105.    Plaintiff's claims for relief as set forth in the Complaint are barred in whole or in part by the doctrines of waiver, estoppel, unclean hands and/or *in pari delicto*

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

106.    Plaintiff's claims are barred or should be reduced, in whole or in part, by exclusions, exceptions, credits, recoupment or offsets permissible under New York Labor Law and/or the Fair Labor and Standards Act.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

107.    Defendants did not engage in willful conduct in violation of the New York Labor Law and/or Fair Labor and Standards Act and, at all times relevant to this action, acted in good faith and based upon a reasonable belief that its acts and/or omissions were not in violation of same.  Accordingly, Plaintiff is not entitled to recover an award for liquidated damages for willful conduct.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

108.    This court lacks subject matter jurisdiction over all of Plaintiff's claims.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

109.    Plaintiff's claims are barred by the applicable statute of limitations.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

110.    The Complaint, and each and every claim for relief contained therein, is barred, in whole or in part, to the extent that damages, if any, resulted from the acts and/or omissions of Plaintiff and purported members.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

111.    Plaintiff cannot recover damages for losses that he could have easily avoided by reasonable efforts.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

112.    Defendants made complete and timely payment of all wages due to Plaintiff. Accordingly, Plaintiff is not entitled to recover damages for its alleged failure to provide wage statements and the wage notice pursuant to the New York Labor Law.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

113.    Compensatory and punitive damages are not available on Plaintiff's claims in this action and/or Defendants' conduct did not rise to the level of culpability required to justify an award of such damages.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

114.    Plaintiff failed to mitigate some or all of his alleged damages.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

115.    Plaintiff's injuries were caused in whole or in part by the culpable conduct of the Plaintiff, which bars the claims completely.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

116.    Plaintiff did not take part in any protected activity under the NYLL or FLSA.

### AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

117.    Plaintiff is not an employee under the laws at issue as he is an owner and/or manager

and thus does not have standing to pursue the instant claims.

### AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

118.   Defendants were unaware of the alleged discriminatory conduct set forth and exercised reasonable care to promptly prevent and correct any alleged unlawful conduct.

### AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

119.   Defendants are not liable for the alleged unlawful conduct because it is outside the scope of the alleged employment relationship.

### AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE

120.   Plaintiff unreasonably failed to take advantage of any preventative or correct measures offered by Defendants to avoid the alleged harm to plaintiff.

### AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE

121.   Because no discovery has been taken at this stage of the case, Defendants reserve the right to file and serve additional defenses, as appropriate.

### AS AND FOR A FIRST COUNTER-CLAIM AGAINST PLAINTIFF ISAAC PASCHALIDIS COMMON LAW INDEMNIFICATION

1.   Isaac Paschalidis is a shareholder of The Airline Restaurant Corp. while James Meskouris was a shareholder and Peter Meskouris is now a shareholder.

2.   Isaac Paschalidis, in his Complaint admitted that he was a shareholder and general manager of the Airline Restaurant Corp.

3.   Part of his duties as the one who was in charge of running the business was determining and setting employee schedules, rates of pay and compensation.

4.    The claims asserted by Plaintiff appear to arise from Plaintiff's individual acts of running the business and not by Defendants.

5.      Therefore, if Defendants are held liable to the Plaintiff, Defendants are entitled to contribution and indemnification from Plaintiff Isaac Paschalidis from and against any and all claims arising out of the acts, omissions and/or negligence of Isaac Paschalidis, in which case Defendants would be entitled to an adjudication of the negligence/culpable conduct or relative responsibilities of all parties; and upon such adjudication to an apportionment of damages in accordance with such findings, Isaac Paschalidis will be liable over to Defendants and fully indemnify and hold Defendants harmless for the full or apportioned amount of any judgment herein recovered against Defendants or for any part thereof.

**WHEREFORE**, Defendants demand judgment as follows:

a.      dismissing the Plaintiff's complaint, together with costs and disbursements of this action;

b.      judgment over and against Isaac Paschalidis for the full amount of any judgment which may be obtained herein by Plaintiff against Defendants, or in such amount as the trier of fact may direct in accordance with the relative responsibilities and culpabilities of the parties;

c.      such other and further relief as this Court deems just and proper.

Dated:  Garden City, New York
         December 6, 2021

Jasmine Y. Patel, Esq.
**FRANKLIN, GRINGER & COHEN, P.C.**
*Attorneys for Defendants*
666 Old Country Road, Suite 202
Garden City, New York 11530
(516) 228-3131
(516) 228-3136 Fax

To:     Bob Kasolas, Esq.
        Brach Eichler LLC
        *Attorney for Plaintiff*
        101 Eisenhower Parkway
        Roseland, New Jersey, 07068-1067