# FRANKLIN, GRINGER & COHEN, P.C.

| | | |
|---|---|---|
| Glenn J. Franklin | ATTORNEYS AT LAW | Ken Sutak |
| Martin Gringer | | of counsel |
| Steven Elliot Cohen | 666 OLD COUNTRY ROAD, SUITE 202 | |
| Michael S. Mosscrop | GARDEN CITY, NEW YORK 11530-2013 | |
| Jasmine Y. Patel* | TELEPHONE (516) 228-3131. FAX (516) 228-3136 | |
| Danielle Mietus | | |
| *ADMITTED TO NY AND NJ | | |

*Via ECF*　　　　　　　　　　　　　　　　　　　　　　　　　　September 1, 2022

The Honorable Roanne L. Mann
United States Magistrate Judge for the
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

　　　　Re:　　*Paschalidis v. The Airline Restaurant Corp., et al.,*
　　　　　　　　*Docket No.: 20-cv-2804(LDH)(RLM)*

Dear Judge Mann:

　　　　We represent Defendants The Airline Restaurant Corp., James Meskouris, and Peter Meskouris (all three, together as "Defendants"), in the above-referenced wage and hour, and employment discrimination matter. We write pursuant to Federal Rule of Civil Procedure ("Rule") 37, and Section III(A) of Your Honor's Individual Rules, to respectfully request that the Court issue an order compelling Plaintiff to provide supplemental responses to certain discovery requests, as detailed herein, within fourteen days of the Court's order.

　　　　Briefly, as is relevant to Defendants' instant motion, on May 26, 2022, Defendants served Plaintiff with their First Combined Discovery Requests. *See* Exhibit 1. On June 29, 2022, Plaintiff served his responses to Defendants' Requests. *See* Exhibit 2. Thereafter, on July 12, 2022, we served a letter upon Plaintiff's counsel outlining the interrogatory and document responses which we believed were deficient and providing the legal basis in support of our assertions. *See* Exhibit 3. On July 20, 2022, parties conferred by telephone in accordance with Local Rule 37.3, to discuss the issues raised by Defendants. Later that same day, still July 20th, Plaintiff's counsel provided Plaintiff's "informal supplemental responses." ECF No. 52-1. Thereafter, on July 22, 2022, following the issuance of the Court's July 22, 2022 Electronic Order, the undersigned again contacted Plaintiff's counsel concerning the deficiencies in Plaintiff's responses. *See* Exhibit 4. On August 2, 2022, after the undersigned made numerous attempts to continue the parties' dialogue in a good faith effort to avoid engaging in motion practice, counsel again conferred by telephone. *Id.* Then, on August 12, 2022, Plaintiff served his supplemental responses, *see* Exhibit 5, which Defendants believe are still deficient in several respects. For the reasons set forth below, Defendants' motion to compel should be granted in its entirety.

　　　　First, Defendants request that the Plaintiff be compelled to provide complete supplemental responses to Interrogatory 10 and Document Requests 9-11,[1] which seek information and

---

[1] With respect to Document Request No. 11, seeking Plaintiff's federal, state, and local income tax returns, Defendants reserve their right to compel the production of same to the extent that the information contained therein is not readily obtainable from a less intrusive source that Plaintiff should be compelled to produce. *See*

documents relating to, *inter alia*, any company or entity other than Defendant Airline which employed Plaintiff or whom Plaintiff was an owner and/or shareholder of, including self-employment from April 2014 to the present - - the six year period predating Plaintiff's commencement of the instant matter consonant with the six year statute of limitations of the New York Labor Law claims Plaintiff asserted. Ex. 1. While Plaintiff's original responses to each of these demands contained solely boilerplate, unspecified objections, Ex. 2, Plaintiff's supplemental response to Interrogatory 10 states that he "was only employed with the Airline Diner" during this period and, as such, his supplement responses to Document Requests 9-11 were correspondingly amended asserting that Plaintiff "is not in possession, custody, or control of [responsive] documents." Ex. 5. Plaintiff's unreasonably narrow interpretation of these requests is disingenuous at best.

Pursuant to Rule 26(b)(b)(1) permits parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case," regardless of its admissibility. Indeed, as this Court is aware, this matter is not a standard run-of-the-mill wage and hour case. To that end, information and documents concerning any simultaneous employment or other business ventures which required Plaintiff to perform any work or services are undoubtedly relevant to the claims and defenses asserted in this action, more specifically not only to Plaintiff's whereabouts and hours worked, but also to Defendants' status as employers under each statute Plaintiff has asserted claims under. Here, Plaintiff's position is all the more incredulous in light of Plaintiff's *admission* that he "had interest in one other such business," in response to Interrogatory No. 11. Ex. 2 and 5; *Caputi v. Topper Realty Corp.*, 2015 WL 893663, at *4 (E.D.N.Y. Feb. 25, 2015) (ordering plaintiff in an FLSA case to produce a sampling of records of her ATM transactions for the period of time in question, holding that defendants are entitled to documentary evidence that may corroborate anticipated witness testimony). Because Defendants requests squarely fall within scope of permissible discovery under Rule 26(b)(1) and are not being sought based on unsubstantiated speculation such that it amounts to a fishing expedition, Plaintiff must be compelled to provide same.

Next, Plaintiff must also be compelled to produce supplemental responses to Interrogatory Nos. 13 and 14, and Document Request No. 14, all of which pertain to Plaintiff's claimed damages. In response to these requests, in which Defendants seek a computation of each category of Plaintiff's claimed damages and details concerning the "irreparable injury and monetary damages, including lost wages, lost fringe benefits, and emotional distress," Plaintiff's sole response, which counsel unilaterally deemed sufficient and flatly refused to supplement, ECF No. 52-1, was a verbatim copy and paste of what Plaintiff included in his Rule 26(a) Initial Disclosures. More specifically, Plaintiff's interrogatory responses state: "[u]npaid regular wages of approximately $100,000.00; unpaid overtime wages of approximately $200,000.00; back pay, front pay and lost benefits of approximately $500,000.00; pre- and post-judgment interest, liquidated damages, emotional distress damages, punitive damages, statutory penalties, and attorneys' fees and costs." Ex. 2 and 5. Similarly, Plaintiff's document response bewilderingly states that "[a]ny and all documents should be in the possession of Defendants." *Id*.

---

*Uto v. Job Site Services, Inc.*, 269 F.R.D. 209, 212 (E.D.N.Y. 2010) (noting the two-pronged standard applicable to discoverability of tax returns).

Not only are Plaintiff's responses to Defendants' discovery requests deficient, they also grossly fail to satisfy the explicit requirements of Rule 26(a). As the Second Circuit has held, "Rule 26(a) requires more than providing - - without explanation - - undifferentiated financial statements; it requires a 'computation' supported by documents." *Design Strategy, Inc. v. Davis*, 469 F.3d 284, 295 (2d Cir. 2006). Thus, courts in this Circuit and District have held, "a party cannot satisfy Rule 26(a) by merely setting forth the figure demanded unaccompanied by any analysis; rather, the disclosures must be sufficiently specific that the opposing party has some basis to calculate the damages claimed against it." *Pilitz v. Incorporated Village of Freeport*, 2020 WL 6945927, at *2 (E.D.N.Y. Nov. 25, 2020) (citation omitted). Additionally, courts have rejected the argument that a failure to disclose a computation of damages is excusable where the other party has in its possession "information sufficient to determine" the damages. *Curcio v. Roosevelt Union Free School District*, 2012 WL 6641715, at *4 (E.D.N.Y. Dec. 19, 2012) (citing *Spotnana, Inc. v. Am. Talent Agency, Inc.*, 2010 WL 3341837, at *1 (S.D.N.Y. Aug. 17, 2010)).

Here, Plaintiff is arguably deliberately depriving Defendants of the opportunity to meaningfully conduct discovery as to any of Plaintiff's damages theories.[2] Although Plaintiff claims he suffered "irreparable injury and monetary damages, including . . . fringe benefits, and emotional distress," directly placing same at issue, he is withholding all details concerning what his specific injuries are. By way of example, Plaintiff seeks "back pay, front pay and lost benefits of approximately $500,000.00," yet responded to Interrogatory No. 11 essentially stating that he has not mitigated his alleged damages whatsoever. Incredulously - - despite not pursuing *any* claims for alleged unpaid overtime wages, and in fact, pleading that he is not entitled to overtime wages, *see* ECF No. 30, ¶ 25 - - Plaintiff has asserted that he is owed "unpaid overtime wages of approximately $200,000.00." Ex. 2 and 5. Moreover, it is unfathomable that all documents regarding Plaintiff's damages would be in Defendants' possession as Plaintiff claims. To the extent that Plaintiff has documents evidencing, *inter alia*, the unspecified "irreparable injury" or "emotional distress" claimed those must either be produced or Plaintiff must such documents are not in his possession or do not even exist. At bottom, Defendants are plainly entitled to this information as well as any documentation <u>*before*</u> conducting Plaintiff's deposition.[3]

Lastly, Defendants respectfully request that the Court extend their deadline to complete discovery, including an extension of time to permit Defendants to conduct Plaintiff's deposition following disclosure of the necessary information and documentation requested herein.

---

[2] Further, this information and documentation is also necessary should the parties wish to engage in meaningful settlement discussions as referenced in Defendants' July 21, 2022 letter, ECF No. 51, and Plaintiff's July 22, 2022 response thereto. ECF Nos. 52-52-1. One could reasonably construe Plaintiff's July 22nd letter as evincing an unwillingness to comply with obligations, such as those of Rule 26(e).

[3] As this Court has noted, there is no requirement in the Second Circuit that a court "explicitly warn a party of the risk of sanctions prior to issuing them." *Scelsi v. Habberstad Motorsport Inc.*, 2021 WL 2589725, at *5 n.7 (E.D.N.Y. June 24, 2021) (Mann, *J.*) (citation omitted). Should Plaintiff's failure to fulfill even the most fundamental discovery obligations continue thereby continuing to impede Defendants ability to defend themselves, the Court should appropriately sanction Plaintiff. *See Martinez v. City of New York*, 2018 WL 604019, at *26 (E.D.N.Y. Jan. 24, 2018) (noting, with respect to Rule 26(a), that "the failure of [a party] and their counsel to comply with the most basic discovery requirements set out in the Federal Rules of Civil Procedure can itself demonstrate willfulness that weighs in favor of a dispositive sanction").

For the foregoing reasons, this Court should grant Defendants' motion to compel in its entirety.

Respectfully submitted,

**FRANKLIN, GRINGER & COHEN, P.C.**

_____
Danielle E. Mietus, Esq.

C: All Counsel of Record (*via* ECF)