**ROANNE L. MANN**  **DATE:** September 8, 2022
**UNITED STATES MAGISTRATE JUDGE**   **START:** 12:02 p.m.
  **END:** 12:48 p.m.

**DOCKET NO:** 20-cv-2804-LDH-RLM

**CASE** Paschalidis v. The Airline Restaurant Corp. et al

☐ INITIAL CONFERENCE      X  MOTION HEARING
☐ DISCOVERY CONFERENCE    ☐ FINAL/PRETRIAL CONFERENCE
☐ SETTLEMENT CONFERENCE   X  TELEPHONE CONFERENCE
☐ MOTION HEARING          ☐ INFANT COMPROMISE HEARING

**PLAINTIFF**          **ATTORNEY**
                       Eric Magnelli

**DEFENDANTS**         **ATTORNEY**
                       Danielle Elizabeth Mietus

☐ FACT DISCOVERY TO BE COMPLETED BY _____
☐ SETTLEMENT CONFERENCE SCHEDULED FOR _____
☐ JOINT PRE-TRIAL ORDER TO BE FILED VIA ECF BY _____
☐ PL. TO SERVE DEF. BY:_____ DEF. TO SERVE PL. BY:_____

**RULINGS:** **PLEASE TYPE THE FOLLOWING ON DOCKET SHEET**

The Court conducts a telephonic discovery hearing regarding defendants' motion to compel discovery (DE #53). The Court heard oral arguments from both sides. The Court grants defendants' motion, in part, as follows:

**Interrogatory #10 and Document Requests #9-11:** The Court construes defendants' demands to relate to persons or entities that employed plaintiff or to closely held entities in which plaintiff had an ownership interest, and not to any passive ownership of shares in publicly traded entities. As so limited, the Court rejects plaintiff's relevance challenge because such information may bear on the number of hours plaintiff claims to have worked for defendants. That said, defendants' document demands are overly broad. Counsel are directed to confer in an effort to reach an agreement concerning the production of documents sufficient to show the nature and extent of plaintiff's role in those businesses.

**Interrogatories #13-14 and Document Request #14:** For the reasons set forth on the record, plaintiff's counsel must supplement plaintiff's discovery responses to provide documentation showing the mathematical calculations underlying his damages estimation related to plaintiff's lost wages and benefits. Plaintiff's counsel must also provide the dollar amount sought for both emotional distress damages and punitive damages. As to lost fringe benefits, plaintiff's counsel must describe in detail the fringe benefits for which plaintiff seeks damages.

Plaintiff's counsel must supplement plaintiff's discovery responses in accordance with this Order by September 22, 2022. By September 28, 2022, the parties must file a joint status report indicating whether these discovery issues have been resolved.

**Discovery Deadlines:**  The Court grants, on consent, defendants' request for an extension of fact discovery from today, September 8, 2022, until October 14, 2022.  Both parties indicated that they currently do not intend to rely on expert witnesses at this time; the Court therefore vacates the schedule for expert discovery.

In plaintiff's response to defendants' motion, plaintiff's counsel requests that "the July 22, 2022 Order sending this case to Mediation be rescinded" due to defense counsel's failure to select a proposed mediator (DE #54 at 4).  The parties must select a mediator by September 15, 2022; mediation must be completed by October 28, 2022.  By November 3, 2022, the parties are required to submit a joint status report indicating whether a settlement agreement has been reached; if not, the parties must confirm that fact discovery has been completed and indicate whether the parties intend to rely on any experts and/or make any dispositive motions.