# FRANKLIN, GRINGER & COHEN, P.C.

| | | |
|---|---|---|
| Glenn J. Franklin | ATTORNEYS AT LAW | Ken Sutak |
| Martin Gringer | | of counsel |
| Steven Elliot Cohen | 666 OLD COUNTRY ROAD, SUITE 202 | |
| Michael S. Mosscrop | GARDEN CITY, NEW YORK 11530-2013 | |
| Jasmine Y. Patel* | TELEPHONE (516) 228-3131.  FAX (516) 228-3136 | |
| Danielle Mietus | | |
| *ADMITTED TO NY AND NJ | | |

September 28, 2022

*Via ECF*
The Honorable Roanne L. Mann
United States Magistrate Judge for the
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:    *Paschalidis v. The Airline Restaurant Corp., et al.,*
              *Docket No.: 20-cv-2804(LDH)(RLM)*

Dear Judge Mann:

As the Court knows, we represent Defendants The Airline Restaurant Corp., James Meskouris, and Peter Meskouris (all three, together as "Defendants"), in the above-referenced matter. We write, jointly with Plaintiff, pursuant to the Court's Order dated September 8, 2022, ECF No. 55, and the Court's Electronic Order dated September 26, 2022, which directed the parties to submit the instant letter by today to inform the Court that discovery issues remain open.

Defendants' Position:

As noted in Defendants' letter, dated September 26, 2022, ECF No. 58, following the September 8, 2022 telephonic hearing during which the Court granted, in part, Defendants' motion to compel discovery, on September 22, 2022, Plaintiff supplemented his responses to Interrogatory Nos. 13 and 14, and Document Request No. 14, by producing documents showing the mathematical calculations underlying Plaintiff's damage estimation. However, at the time of that filing, Plaintiff had not yet supplemented his responses to Interrogatory No. 10 and Document Request Nos. 9-11. ECF No. 58. Later that same day, still on September 26, Plaintiff's counsel produced three pages of Plaintiff's W-2's for the years 2019-2021, marked "Attorneys Eyes Only." On September 27, 2022, Plaintiff's counsel produced thirty-nine pages of documents again containing the W-2's for the years 2019-2021, as well as W-2's for the years 2016 and 2018, and a copy of a lease - - all marked "Attorneys Eyes Only."

In light of the Court's Orders requiring the production of these documents, the non-confidential nature of same, and the fact that there is no confidentiality agreement for this matter,

the undersigned emailed Plaintiff's counsel objecting to Plaintiff's unilateral and improper designation of these documents as for "Attorneys Eyes Only," and requested that such documents be immediately reproduced without that designation. In response, Plaintiff made a *post hoc* demand that the parties enter into a confidentiality agreement governing this discovery and Plaintiff's production of these documents which contains specific provisions governing any disputes over discovery designated as "Attorneys Eyes Only." Notably, Plaintiff's desire for such a provision stems from his purported fear of the individual Defendants, who are of course parties to this litigation, learning about Plaintiff's private business ventures. Plaintiff squarely put his private ventures in issue by pursuing this lawsuit and he will be required to provide sworn testimony about same during his deposition, which the individual Defendants not only have the right to attend, but in fact are intending to do so.

Thereafter, in accordance with the deadline set in the Court's Electronic Order dated September 26, 2022, earlier today Plaintiff provided his unverified supplemental answer to Interrogatory No. 10, in two forms - - a redacted "public form" and an unredacted form designated "Attorneys Eyes Only" - - further noting that Plaintiff has concluded his "production/responses with respect to [Defendants'] motion to compel and the Court's order." Aside from the documents referenced herein, Plaintiff's counsel has represented that Plaintiff is not in possession of any other responsive documents.

It is Defendants' position that Plaintiff's W-2's with his personal identifying information such as social security number redacted, a single copy of a commercial lease, and Plaintiff's unverified supplemental Interrogatory response do not constitute trade secrets, confidential research, development, or commercial information necessitating the unduly restrictive and overly broad confidentiality agreement that Plaintiff unilaterally demanded - - particularly when Plaintiff has not moved for a protective order. As such, there unfortunately remains a discovery dispute as Plaintiff will not produce the documents and information that this Court twice ordered him to produce without the "Attorneys Eyes Only" designation.

Plaintiff's Position:

Plaintiff supplemented his answer to Interrogatory number 9 and produced all responsive documents in his possession, custody and control in response to Request numbers 9-11, which Plaintiff designated "Attorneys' Eyes Only." At the time of this production, the parties had not entered into a Discovery Confidentiality Order ("DCO"), presumably, because no such Order was necessary until Plaintiff was compelled to produce private financial information. As a result, Plaintiff forwarded to Defendants a proposed DCO for their review. Defendants have not yet indicated whether they approve or disapprove of the proposed DCO and I am unaware of any Court Order instructing Plaintiff to produce private financial information for public consumption and/or that such information cannot be designated Confidential or Attorneys' Eyes Only. After

Defendants approve or disapprove the language of the proposed DCO, it will be submitted to the Court.

Under the terms of the proposed DCO, Defendants have every right to serve a written objection stating with particularity their grounds for such objection. In response, Plaintiff has every right to state with particularity the grounds for such designations. After a good faith attempt to resolve the dispute, the issue can then be brought to the Court. To date, the parties have simply engaged in very brief email communications about the designations. Thus, while this is certainly an issue that should be brought to the Court's attention in this status letter, it is not yet ripe for this Court because the parties have not engaged in any of the required steps set forth in most, if not all, DCO's. To the extent Defendants are satisfied with the particularity of their objection, Plaintiff will certainly include more particulars setting forth the reason for such designations.

With respect to the signed Certification for Plaintiff's supplemental interrogatory answer, the executed Certification was inadvertently omitted from production and will be forwarded to Defendants right away. Had Defendants expressed such a concern earlier today, I would have been aware of the omission sooner. This joint status letter, however, is the first time Defendants have voiced this issue. Interestingly, Defendants have still not provided a signed Certification to their interrogatory answers, which were forwarded to Plaintiff on May 13, 2022.

We thank the Court for its time and attention to this matter.

Respectfully submitted,

**FRANKLIN, GRINGER & COHEN, P.C.**

_____
Danielle E. Mietus, Esq.

To: All Counsel *via* ECF