**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x
**ISSAC PASCHALIDIS,**

                             **Plaintiff,**                          **MEMORANDUM**
                                                                      **AND ORDER**
      -against-

                                                                                     **20-CV-2804 (LDH)**

**THE AIRLINE RESTAURANT CORP, et al.,**

                             **Defendants.**
-----------------------------------------------------------------x

**ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:**

      Currently pending before this Court are the following submissions from the parties: plaintiff's motion for a protective order (DE #61), which appends a proposed order that includes a provision for Attorneys' Eyes Only ("AEO") designation (DE #61-1); defendants' response thereto, which questions why any protective order is warranted in this case (DE #62 at 2), but nevertheless proffers a competing proposed Confidentiality Order (DE #62-1); plaintiff's unauthorized reply (DE #63) and attachment thereto (Exhibit A); and defendants' motion to strike plaintiff's reply as violating this District's Local Rules, and as attaching material, relating to a non-party, that is "irrelevant[,] . . . scandalous and abusive, [and] grossly misleading" (DE #64 at 2).

      Turning first to defendants' motion to strike (DE #64): Movants are correct that in accordance with Local Civil Rule 37.3(c) and this Court's Individual Rules, a reply in connection with a discovery letter-motion should not be filed absent permission from the Court. That said, had plaintiff sought permission to file a letter describing defendants' alleged failure to meet and confer regarding the language of a proposed confidentiality order, the

Court would have granted such permission. Therefore, the Court declines to strike the two-page letter itself. Regarding the attachment to that letter, the Court admonishes plaintiff for publicly filing an article that is not otherwise available to the public and that, even assuming its contents are true—and the reliability thereof is unknown to the Court—does not relate to any party in this case. Therefore, the Clerk is respectfully requested to remove the attachment (Exhibit A) from the public record and to file it under seal, with access restricted to counsel of record and court users.

Turning to the parties' competing confidentiality orders (DE #61-1 and DE #62-1): As a preliminary matter, setting aside the issue of AEO designation, the Court rejects defendants' suggestion that plaintiff should have articulated why any confidentiality order whatsoever is warranted in this case (DE #62 at 2). Confidentiality orders, which protect trade secrets, as well as medical, financial or otherwise sensitive information entitled to protection under Federal Rule of Civil Procedure 26(c)(1), are quite common in cases in this District; indeed, as defendants well know, a number of EDNY judges have issued Standing Confidentiality Orders. Therefore, the Court is prepared to so-order an appropriate confidentiality order but, for the reasons summarized below, rejects the competing proposed confidentiality orders advocated by the parties.

The proposed order (DE #62-1) submitted by defendants, who reportedly flouted the Court's order that the parties meet and confer before submitting their proposals (see 9/30/22 Order), would allow an application for judicial intervention (pursuant to section (b)) without first requiring that the parties meet and confer in a good faith effort to resolve the issue. In addition, section (h) of defendants' proposal contemplates filing confidential materials under

seal in hard copy, rather than filing electronically under seal.  Finally, section (i) should include a carve-out for the Court's copies of confidential material.

Plaintiff's proposed order (DE #61-1) likewise is unacceptable.  The Court should be excluded from the operation of sections 5 and 16. The first sentence of section 6 contains a scrivener's error (i.e., duplicative language).  Section 8(a) affords too much time to object (14 days) and section 8(b) ignores the requirements of Local Civil Rule 37.3(c), which are incorporated by reference into this Court's Individual Rules.  Most significantly, plaintiff's proposed AEO provision (section 2) sweeps far too broadly.  The Court will not approve an AEO provision unless and until the parties agree upon a narrowly drawn provision of that nature or plaintiff first identifies and persuades the Court that there is discovery material in this case for which the protections afforded under a typical (non-AEO) confidentiality order would be inadequate.

The parties are directed to confer in good faith to create a jointly proposed confidentiality order that incorporates the rulings contained in this Order.  To the extent that plaintiff wishes to pursue AEO protection, but the parties are unable to agree upon a narrowly drawn AEO provision, plaintiff shall file a letter-motion that explains the need for an AEO provision in this case and that, via chambers email account, submits those materials that plaintiff claims warrant AEO protection for the Court's *in camera* inspection.

**SO ORDERED.**

**Dated:     Brooklyn, New York**
**               October 17, 2022**

/s/ *Roanne L. Mann*
**ROANNE L. MANN**
**UNITED STATES MAGISTRATE JUDGE**

3