# FRANKLIN, GRINGER & COHEN, P.C.

| | ATTORNEYS AT LAW | |
|---|---|---|
| Glenn J. Franklin | | Ken Sutak |
| Martin Gringer | | of counsel |
| Steven Elliot Cohen | 666 OLD COUNTRY ROAD, SUITE 202 | |
| Michael S. Mosscrop | GARDEN CITY, NEW YORK 11530-2013 | |
| Jasmine Y. Patel* | TELEPHONE (516) 228-3131.  FAX (516) 228-3136 | |
| Danielle Mietus | | |
| *ADMITTED TO NY AND NJ | | |

February 27, 2023

*Via ECF*

The Honorable LaShann DeArcy Hall
United States District Judge for the
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    *Paschalidis v. The Airline Restaurant Corp., et al.,*
                Docket No.: 20-cv-2804(LDH)(LB)

Dear Judge DeArcy Hall:

      We represent the Defendants The Airline Restaurant Corp., James Meskouris, and Peter Meskouris (all three, together as "Defendants"), in the above-referenced matter. We write, pursuant to the Court's Electronic Order dated January 19, 2023 and in accordance with Rule III(A)(6) of Your Honor's Individual Practices, to respectfully request a pre-motion conference in connection with Defendants' anticipated motion for summary judgment pursuant to Federal Rule of Civil Procedure 56, and to provide the Court with the bases for same.[1]

      This matter arises out of Plaintiff's ownership and employment as a manager at Airline, from approximately 1989 until February 13, 2020. In this lawsuit, Plaintiff asserted claims against all Defendants for: (i) unpaid minimum wages in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 206, and the New York Labor Law ("NYLL"), § 650 *et seq.*; (ii) retaliation in violation of NYLL § 215[2]; (iii) inaccurate wage statements, NYLL § 195(3); and (iv) age discrimination in violation of the New York State Human Rights Law ("NYSHRL"), Executive Law § 290 *et seq.*, and the New York City Human Rights Law ("NYCHRL"), N.Y. Admin. Code § 8-101 *et seq.* Defendants' anticipated motion involves each of Plaintiff's claims.

---

[1] Pursuant to Rule III(A)(6)(b) and (i) of Your Honor's Individual Practices, Defendants The Airline Restaurant Corp., James Meskouris, and Peter Meskouris' Statement of Material Facts Pursuant to Local Civil Rule 56.1(a) of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York, as well as the Declaration of Danielle E. Mietus, Esq., with Exhibits 1 through 13, attached thereto, are submitted contemporaneously herewith.

[2] Although Plaintiff's Amended Complaint, ECF No. 30, contains a cause of action for retaliation in violation of the FLSA, Plaintiff voluntarily dismissed that claim with prejudice pursuant to Rule 41(a)(1)(A)(i) during the July 20, 2020 Pre-Motion Conference in connection with Defendants' then-anticipated motion to dismiss. *See* ECF No. 29, n.1.

### I.     Plaintiff is Subject to the Business Owner Exemption.

Certain categories of employees are exempt from the FLSA's and the NYLL's minimum wage and overtime pay requirements. *See* 29 U.S.C. § 213.  Applicable here, the "business owner" exemption applies to "any employee who owns at least a bona fide twenty percent equity interest in the enterprise . . . and who is actively engaged in its management . . . [as] defined in § 541.102." *See* 29 CFR § 541.101.  Moreover, the salary requirements applicable to employees subject to the executive exemption under 29 CFR § 541.100, do not apply to business owners. See 29 CFP § 541.101.  Here, it is undisputed that: since Airline's inception in 1989, Plaintiff has owned and currently does own a bona fide twenty-five percent equity interest in Airline; Plaintiff's job duties throughout his entire employment at Airline did not change; specifically between January 2018 and February 6, 2020, Plaintiff was responsible for the efficient operation and management of Airline; Plaintiff oversaw Airline's employees, directed their work, and received employee complaints regarding their rates of pay; and was involved in interviewing prospective employees and the hiring process.  Thus, Defendants are entitled to summary judgment on Plaintiff's wage claims because he falls squarely within the business owner exemption.

### II.    Retaliation.

Section 215(1)(a) of the NYLL prohibits employers from, *inter alia*, retaliating against an employee because the employee "has made a complaint to his . . . employer . . . that the employer has engaged in conduct that the employee . . . believes violates any provision of [the NYLL]."  To establish a *prima facie* case of retaliation under the NYLL, Plaintiff must offer evidence that he: (1) participated in a protected activity; (2) suffered an adverse employment action; and (3) that there was a causal connection between engaging in the protected activity and the adverse employment action. *See Alvarado v. GC Dealer Services, Inc.*, 511 F. Supp. 3d 321, 358 (E.D.N.Y. 2021).  Here, Plaintiff's claim fails because he did not engage in protected activity under the NYLL.  Rather, Plaintiff's alleged complaints were concerning how he believed that his wages were "not fair" because he was a bona fide twenty-five percent owner of Airline, and was not 50/50 partners with either Defendant James or Defendant Peter.  Furthermore, any complaints that Plaintiff allegedly made concerning his pay prior to April 13, 2018, two years before Plaintiff commenced this action, are time barred.  Moreover, any complaints that Plaintiff allegedly made to Defendant James after March 30, 2018, were not made to Plaintiff's "employer" because by mid-2018, Defendant James ceased being involved in Airline.

### III.   Plaintiff Lacks Article III Standing on his Wage Statement Claim.

Defendants are also entitled to summary judgment on Plaintiff's wage statement claim under the NYLL because Plaintiff lacks Article III standing. *See Sudilovskiy v. City WAV Corp.*, 2022 WL 4586307, at *5 (E.D.N.Y. Sept. 29, 2022) (noting that "in the absence of any causal connection between the purported informational failure and any harm that plaintiffs allegedly suffered, plaintiffs asserting wage notice and wage statement violations lack Article III standing to bring those claims").

### IV. Age Discrimination.

With respect to Plaintiff's age discrimination claims,[3] his only allegations are that during one single telephone conversation at the end of September 2019, Defendant Peter allegedly asked Plaintiff when he will retire and allegedly stated that working without the night manager will be difficult and he will suffer because he is old. Here, although Defendant Peter disputes making any age-related comments to Plaintiff - - even accepting, solely for purposes of Defendants' anticipated motion for summary judgment, that Plaintiff's testimony is true - - such comments nevertheless fail as a matter of law to rise to the level required to sustain Plaintiff's discrimination causes of action. Per the Second Circuit, under "the NYCHRL . . . a defendant is not liable if the plaintiff fails to prove the conduct is caused at least in part by discriminatory or retaliatory motives . . . or if the defendant proves the conduct was nothing more than 'petty slights or trivial inconveniences.'" *Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.*, 715 F.3d 102, 113 (2d Cir. 2013). Here, assuming Plaintiff can prove that the alleged conduct was caused in part by discriminatory motives, the conduct amounted to petty slights or trivial inconveniences.

### V. Damages.

Lastly, Defendants are entitled to summary judgment on Plaintiff's claims for backpay and front pay damages because Plaintiff failed to mitigate his damages. Here, Plaintiff has not worked since February 6, 2020, his last day at Airline, and in fact testified that he did not seek other employment after Airline because he did not know what was going to happen with his lawsuits against Defendants and did not need to work for anyone else. As such, Defendants are entitled to summary judgment. *See Reilly v. Cisneros*, 835 F. Supp. 96, 99 (W.D.N.Y. 1993), *aff'd*, 44 F.3d 140 (2d Cir. 1995) ("In general, a plaintiff fails to mitigate adequately . . . to the extent he fails to remain in the labor market").

Accordingly, we respectfully request that the Court grant Defendants permission to file a summary judgment motion on these issues. We thank the Court for its time and attention to this matter.

Respectfully submitted,

**FRANKLIN, GRINGER & COHEN, P.C.**

Danielle E. Mietus, Esq.

C:   All Counsel of Record (*via* ECF)

---

[3] On October 11, 2019, amendments to the NYSHRL went into effect. Prior to that date, Plaintiff's claims under the NYSHRL are subject to the same standard as those under the Age Discrimination in Employment Act, which is narrower than that of the NYCHRL. The instant analysis focuses on the NYCHRL because, if Plaintiff cannot satisfy the broad standard - - which Defendants argue he cannot - - then Plaintiff's claims under the more exacting state law standard must necessarily fail.