

Eric Magnelli
Direct Dial: 973-403-3110
Direct Fax: 973-618-5550
E-mail: emagnelli@bracheichler.com

April 19, 2023

**VIA ECF**

Honorable LaShann DeArcy Hall, U.S.D.J.
United States District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

    Re:    ***Paschalidis v. The Airline Restaurant Corp., et al.***
              **Civil Action No. 1:20-cv-02804-LDH-LB**

Dear Judge DeArcy Hall:

    We represent Plaintiff Isaac Paschalidis ("Plaintiff") in the above referenced matter. This letter shall serve as Plaintiff's letter requesting a pre-motion conference to move for partial summary judgment and in opposition to Defendants' pre-motion letter for summary judgment.

### I. PLAINTIFF'S STATE AND FEDERAL WAGE CLAIMS (COUNTS 1 & 2)

    Generally, Federal and State laws require Defendants to pay their non-exempt employees a statutory minimum wage and compensation at a rate not less than one and one-half times the regular rate for hours worked in a workweek in excess of forty (40) hours. 29 U.S.C. §§ 206(a)(1), 207(a)(1); NYLL § 652; 12 NYCRR § 146-1.4. The "Business Owner" exemption, excludes from the minimum wage/overtime requirements employees in a bona fide executive capacity who own at least a bona fide 20% equity interest in the company in which it is employed and is actively engaged in its "management," as elucidated in 29 C.F.R. § 541.102. *See* 29 C.F.R. § 541.101.

    Although Plaintiff owned 25% of the Diner, Defendants stripped him of all management responsibilities. (*See* Pl's 56.1 at ¶¶ 7, 11-12, 24, 34, 60-61, 75-77). Plaintiff: did not interview employees; was not permitted to adjust employee rates of pay or hours; was stripped of his ability to direct the work of or to discipline employees; had no input into the Diner's budget, and; was not able to implement any legal compliance measures. Hence, Defendants lost any ability to take advantage of the "Business Owner" exemption with respect to Plaintiff's compensation and is required under the FLSA to pay Plaintiff a minimum wage plus overtime.

    New York Labor Law does not recognize a "Business Owner" exception. Instead, Plaintiff

5 Penn Plaza, 23rd Floor
New York, New York 10001
212.896.3974

101 Eisenhower Parkway
Roseland, New Jersey 07068
973.228.5700

777 South Flagler Drive
Suite 800, West Tower
West Palm Beach, Florida 33401
561.899.0177

www.bracheichler.com

BE:13148364.1/PAS084-277854

must satisfy the "executive" exemption and be paid the minimum amounts under the law. *See* 12 NYCRR § 146-3.2. Because Plaintiff did not manage the Diner, did not regularly direct two or more employees, had no authority on hirings/firings and <u>did not receive any wages for a period of time</u>, Defendants cannot take advantage of such exemption. (*See id. and* ¶¶ 70-71, 88).

The FLSA requires an employer to "make, keep, and preserve" records of employee wages, hours, and employment conditions. 29 U.S.C. §211(c). Under the FLSA, "[w]hen an employer fails to maintain accurate and complete records of the hours employees work and the amounts they are paid, the plaintiff-employee need only...submit 'sufficient evidence from which violations of the [FLSA] and the amount of an award may be reasonably inferred.'" *Gonzalez v. Allied Concrete Indus., Inc.*, 575 F.Supp.3d 336, 340 (E.D.N.Y. 2021). An employee discharges his burden at this first step "if [he] ... can prove that [he] 'in fact performed work for which [he] was improperly compensated and if [he] produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference.'" *Id*. "This burden is 'not high' and may be met 'through estimates based on [the employee's] own recollection.'" *Id*. If an employee makes this showing, "[t]he burden then shifts to the employer to come forward [i] with evidence of the precise amount of work performed or [ii] with evidence to negative the reasonableness of the inference to be drawn from the employee's evidence." *Id*. If the employer fails to produce such evidence, the court may award damages to the employee, even though the result may be approximate." *Id*.

"A similar standard applies to unpaid compensation claims under [the] NYLL." *Id*. But under the NYLL, an employer who fails to keep accurate records shoulders a more stringent burden of proof: "NYLL § 196-a provides that where an employer fails to 'keep adequate records or provide statements of wages to employees as required' by the statute, the employer 'shall bear the burden of proving that the complaining employee was paid wages, benefits and wage supplements.' " *Id*. "By its terms, the NYLL — unlike the FLSA — does not permit an employer to discharge this burden by undermining the reasonableness of an employee's evidence that [he] was underpaid." *Id*. In contrast, the NYLL requires that an employer demonstrate by a preponderance of the evidence that it in fact paid its employees "wages, benefits and wage supplements." *Id*. And "[i]f an employer cannot satisfy its burden under the FLSA, it cannot satisfy th[is] 'more demanding burden' of the NYLL." *Id*. Here, Plaintiff adequately set forth the hours he routinely worked and Defendants' limited payroll records evidences that Plaintiff was either not paid or received reduced wages.

## II.     PLAINTIFF'S AGE DISCRIMINATION CLAIMS (COUNTS 3 & 4)

Under New York law, it is an unlawful discriminatory practice for an employer to discharge from employment or to discriminate against an employee because of that individual's age. NY Exec. § 296(1)(a). To establish a *prima facie* case of age discrimination, a plaintiff must show four things: (1) he is a member of the protected class; (2) he is qualified for his position; (3) he has suffered an adverse employment action; and (4) the circumstances surrounding that action give rise to an inference of age discrimination. *Abdu-Brisson v. Delta Air Lines, Inc.*, 239 F.3d 456, 466-67 (2d Cir. 2001). A plaintiff's burden of establishing a *prima facie* case is *de minimis. Id*.

The requirement is neither "onerous," nor "intended to be 'rigid, mechanized or ritualistic.' " *Id*.

The evidence of Defendants' discriminatory conduct towards Plaintiff is not one instance as Defendants claim. Rather, after working at the Diner for nearly 40 years, Plaintiff was terminated at the age of 63. (*See* Pl's SOF, ¶¶ 2, 47-48, 89). Plaintiff also testified that Peter used to say, "you are an old man now, why don't you retire…." While "most" of the negative age-based comments may have occurred the last time they spoke, the fact that Defendants may not have repeatedly made age-based comments directly to Plaintiff is immaterial, especially since Plaintiff was terminated soon thereafter. (*See id.* at ¶¶ 48, 81, 85, 87); (Mietus Decl., Exhibit 8 at Interrogatory Answer No. 8).

### III.  PLAINTIFF'S STATE LAW RETALIATION CLAIM (COUNT 6)

Defendants argue Plaintiff did not engage in protected activity under NYLL § 215(1)(a). To satisfy the first prong for a *prima facie* retaliation claim, Plaintiff must show he "complained about a specific violation of the Labor Law." *Kassman v. KPMG*, 925 F.Supp.2d 453, 472 (S.D.N.Y. 2013). Plaintiff need not cite a specific statute, *see* N.Y. Labor Law § 215(1)(a), but his "complaint to the employer [must] be of a colorable violation of the statute[.]" Plaintiff testified that he complained when Defendants stopped paying him any wages for his work and made several complaints thereafter. (Mietus Decl., Exhibit 3 (Pl's Dep. Tr.) at 53:20-56:19; Exhibit 8 at Pl's Interrogatory Answer No. 4); (*see* Pl's 56.1 at ¶ 42).

### IV.  PLAINTIFF'S WAGE STATEMENT CLAIM (COUNT 7)

Every employer shall "furnish each employee with a statement with every payment of wages…." NYLL § 195(3). If an employee is not provided with such statement, he "shall recover in a civil action damages of two hundred fifty dollars for each work day that the violations occurred or continue to occur, but not to exceed a total of five thousand dollars, together with costs and reasonable attorney's fees." Defendants failed to provide wage statements on numerous occasions. (*See* Pl's 56.1, ¶ 67). Defendants' argument that Plaintiff lacks Article III standing is unsound. *See Ying Ying Dai v. ABNS NY Inc.*, 490 F.Supp.3d 645, 660-61 (E.D.N.Y. 2020).

### V.  PLAINTIFF'S DAMAGES

Plaintiff opposes Defendants' argument that Plaintiff failed to mitigate his damages and is therefore barred from recovering backpay or front pay. Although Plaintiff did not seek new employment in his mid-sixties, Plaintiff was able to supplement his income after his termination in 202 and 2021. (*See* Pl's 56.1 at ¶ 54).

### VI.  DEFENDANTS' COUNTERCLAIM

Because Plaintiff was stripped of all managerial responsibilities, Defendants' counterclaim for indemnification is unsound and irrational.

BRACH | EICHLER LLC

Honorable LaShann DeArcy Hall, U.S.D.J.
April 19, 2023
Page 4

                                          Respectfully submitted,

                                          Eric Magnelli

EM:

Cc:     All Counsel of Record (Via ECF)

BE:13148364.1/PAS084-277854