# FRANKLIN, GRINGER & COHEN, P.C.

| | | |
|---|---|---|
| Glenn J. Franklin | ATTORNEYS AT LAW | Ken Sutak |
| Martin Gringer | | *of counsel* |
| Steven Elliot Cohen | 666 OLD COUNTRY ROAD, SUITE 202 | |
| Michael S. Mosscrop | GARDEN CITY, NEW YORK 11530-2013 | |
| <u>Jasmine Y. Patel</u>* | TELEPHONE (516) 228-3131.  FAX (516) 228-3136 | |
| Danielle Mietus | | |
| *ADMITTED TO NY AND NJ | | |

May 26, 2023

<u>Via ECF</u>
The Honorable LaShann DeArcy Hall
United States District Judge for the
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

>   Re:   <u>Paschalidis v. The Airline Restaurant Corp., et al.,</u>
>              Docket No.: 20-cv-2804(LDH)(LB)

Dear Judge DeArcy Hall:

We represent the Defendants The Airline Restaurant Corp., James Meskouris, and Peter Meskouris (all three, together as "Defendants"), in the above-referenced matter.  We write, pursuant to the Court's Electronic Order, dated May 17, 2023, to submit Defendants' opposition to Plaintiff's cross-motion for partial summary judgment and reply to Plaintiff's 56.1 statement.

**I.   Plaintiff's Minimum Wage Claim Under the FLSA and Unpaid Wage Claim Under the NYLL**.

Plaintiff argues that Defendants cannot satisfy the "business owner" exemption of the FLSA because Plaintiff was purportedly stripped of "all management responsibilities."  However, this conclusory assertion is belied by the numerous admissions that Plaintiff has made throughout the record.  Here, it is undisputed that: since Airline's inception in 1989, Plaintiff has owned and currently does own a bona fide twenty-five percent equity interest in Airline; Plaintiff's job duties throughout his entire employment at Airline did not change; specifically between January 2018 and February 6, 2020, Plaintiff was responsible for the efficient operation and management of Airline; Plaintiff oversaw Airline's employees, directed their work, and received employee complaints regarding their rates of pay; and was involved in interviewing prospective employees and the hiring process.

Further, Plaintiff cannot establish that all Defendants were his "employers" as defined under the FLSA and the NYLL.  To be held liable under the FLSA and the NYLL, a person must

be an "employer," which § 3(d) of the statute defines broadly as "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d) (1994). In answering that question of whether an individual is an employer, the overarching concern is whether the alleged employer possessed the power to control the workers in question, *see Carter v. Dutchess Community College*, 735 F.2d 8, 12 (2d Cir. 1984), with an eye to the "economic reality" presented by the facts of each case, *Goldberg v. Whitaker House Coop*., 366 U.S. 28, 33 (1961). Under the "economic reality" test, the relevant factors include "whether the alleged employer (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Carter*, 735 F.2d at 12.  Here, the record does not establish Plaintiff's entitlement to summary judgment on his FLSA and NYLL claims.

## II.     Plaintiff Lacks Article III Standing on his Wage Statement Claim.

Plaintiff argues that "Defendants' argument that Plaintiff lacks Article III standing is unsound."  However, Plaintiff's argument clearly misses the mark because the overwhelming precedent in this Circuit and District unequivocally holds that Plaintiff lacks Article III standing. In *Francisco v. NY Tex. Care, Inc*., 2022 WL 900603, at *7 (E.D.N.Y. Mar. 28, 2022), a class action matter involving wage and hour violations under the NYLL and the FLSA, Judge Chen specifically held that plaintiff cannot maintain a class action for the defendants' failure to provide accurate wage notice and wage statements because "it is not clear that those policies [of not providing accurate wage notice and wage statements] led to an 'injury' that can be recognized in federal court."  In reach her determination, Judge Chen noted that although there "may be technical violations of the NYLL, neither [p]laintiff nor the record demonstrate how those technical violations led to either a tangible injury or something akin to a traditional cause of action," *id*., and indeed, "the Supreme Court has made clear that a statutory violation alone, without a tangible injury or close parallel to a traditional cause of action, does not constitute an injury that can be recognized by the federal courts." *Id*. (citing *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2205 (2021)).  Notably, in that same decision, Judge Chen permitted the plaintiff to certify a class for defendants' alleged failure to pay employees for all hours of work, as well as nonpayment of overtime wages and spread of hours pay. *Id*.

Numerous other courts in this Circuit and District have reached the same conclusion. *See e.g., Beh v. Community Care Companions Inc*., 2022 WL 5039391, at *7 (W.D.N.Y. Sept. 29, 2022) (recommending denial of class certification on NYLL § 195(1) claim and holding that plaintiffs "have not alleged concrete harm from [wage notice] deficiencies, such as the inability to identify their employer to remedy compensation problems, or lack of knowledge about the rates or conditions of their pay"); *Shi v. TL & CG Inc*., 2022 WL 2669156, at *8-9 (S.D.N.Y. July 11, 2022) (holding plaintiff lacked Article III standing to pursue wage notice and wage statement violations because plaintiff "has not demonstrated how or why the amount of his wage

underpayment is greater than it would have been if he had been given a proper wage notice or proper wage statements" or "identified an informational injury with consequences beyond this lawsuit" as challenging "his underpayment sooner would have resulted in Plaintiff bringing the same lawsuit, just earlier"); *Sevilla v. House of Salads One LLC*, 2022 WL 954740, at *7 (E.D.N.Y. Mar. 30, 2022) (holding that it is not clear that [such] policies led to an 'injury' that can be recognized by a federal court").

Here, Plaintiff cannot prove that he has Article III standing to pursue his wage statement claim because he has not and cannot adduce any admissible evidence demonstrating a concrete injury resulting from Defendants' issuance of inaccurate wage statements. Accordingly, he is not entitled to summary judgment on this claim.

### III. **Plaintiff is Not Entitled to Summary Judgment on Defendants' Counterclaim.**

Plaintiff's sole argument with respect to Defendants' counterclaim for indemnification is that it is "unsound and irrational" because "Plaintiff was stripped of all managerial responsibilities." However, Plaintiff is simply wrong as the record is replete with admissible evidence demonstrating that Plaintiff in fact possessed managerial responsibilities throughout the entirety of his tenure at Airline. Moreover, Plaintiff fails to cite to *any* legal authority whatsoever to support his contentions.

We thank the Court for its time and attention to this matter.

Respectfully submitted,

**FRANKLIN, GRINGER & COHEN, P.C.**

_____
Danielle E. Mietus, Esq.

C: All Counsel of Record (*via* ECF)