# EXHIBIT 14

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------X
ISAAC PASCHALIDIS,

|                  | Plaintiff, | Docket No.: 20-cv-2804 |
|---|---|---|
|        v.        |            | (LDH)(RLM) |

THE AIRLINE RESTAURANT CORP., JAMES
MESKOURIS, PETER GEORGE MESKOURIS,
and John Does #1-10,

                                       Defendants.
--------------------------------------------------------------X

## DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S
## FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Defendants, THE AIRLINE RESTAURANT CORP., JAMES MESKOURIS, and PETER GEORGE MESKOURIS (collectively as "Defendants"), by their attorneys, Franklin, Gringer & Cohen, P.C., hereby submit their Responses and Objections to Plaintiff Isaac Paschalidis ("Plaintiff")'s First Request for Production of Documents.

## RESERVATION OF RIGHTS

These responses and objections are based upon information known to Defendants at the present time.  Defendants will supplement or amend these responses in the event that they discover additional information that requires such supplementation or amendment under the Fed. R. Civ. P. Should Defendants at any time supplement or amend their response to any Document Request, by agreement or otherwise, Defendants reserve the right to assert any applicable objection, privilege or other protection in connection with such supplementation or amendment.

Defendants' responses do not include information that are privileged or protected work-product.  If any document that is privileged or protected work-product is disclosed inadvertently in response to any Document Request, such disclosure does not waive, and is not to be construed as a waiver of, the attorney-client privilege, work-product protection or any other privilege or protection.

Defendants reserves the right to seek an appropriate protective order with regard to any general objections or privileges or any of the specific objections or privileges asserted below.

Defendants anticipate conducting additional discovery in this case, both on their own and from others, and may discover additional facts, information through that discovery.  The responses to Plaintiff's Document Requests are based on the information available at this time and upon such investigation as is reasonable for Defendants to undertake under the circumstances of these Document Requests. Should further discovery result in additions to, changes in, or modifications of the following responses, Defendants reserve the right to use for any purpose any additional information so discovered or determined to be called for by these Document Requests without sanction or penalty and will promptly make such facts, information, available for Plaintiff's review.  Defendants further reserve the right at any hearing on this matter or at trial to make reference to information not identified in these responses, the existence or relevance of which is later discovered by Defendants and/or their counsel.

Further, Defendants' responses are made subject to Defendants' right to object to the admission in evidence thereof, on the grounds that such responses, or any of them, are irrelevant to the issues in this action or are otherwise inadmissible.

## RESPONSES AND OBJECTIONS TO DOCUMENT REQUESTS

**Document Request No. 1**:   Any and all documents, electronically stored information, and tangible things you have in your possession, custody or control that may be used to support your allegations, claims and/or defenses in this Action.

**Response No. 1**: Defendants object to this request as it is vague, ambiguous, overbroad, and unduly burdensome.  Defendants further object as this request seeks documents that are already in the possession of Plaintiff and/or his counsel, and/or are otherwise more readily accessible to same pursuant to the parties' stipulation in Plaintiff's presently pending New York State lawsuit, Index No. 709529/2020. *See* NYSCEF No. 54, ¶ 1(b).  Notwithstanding same, *see* Bates-stamped documents AIRLINE000001-000021.

**Document Request No. 2**:   Any and all documents that relate to any of the facts and/or events underlying the claims alleged in this Action.

**Response No. 2**: *See* Response No. 1.

**Document Request No. 3**:   Any and all documents provided to any potential expert who may testify on your behalf at trial in this Action.

**Response No. 3**: Defendants object to the Request as premature as Defendants have not yet

determined which expert(s), if any, will be called as a witness at trial. Defendants will disclose the names, addresses, subject matter substance of facts and opinions, qualifications and grounds for the opinion of any expert(s) Defendants shall call as soon as practicable and in compliance with their ongoing disclosure obligations under the Fed. R. Civ. P. Notwithstanding same, none at the present time.

**Document Request No. 4**:   Any and all documents that reflect, refer to or relate to any admission that you contend has been made at any time by any party to this Action relating to the facts and/or events underlying the claims and/or defenses in this Action.

**Response No. 4**: Defendants object to this request as it is vague, ambiguous, overbroad, and unduly burdensome. Notwithstanding same, *see generally*, docket of Index No. 709529/2020.

**Document Request No. 5**:   Any and all documents that reflect, refer to or relate to any declaration against interest that you contend has, at any time, been made by any party to this Action relating to the facts and/or events underlying the claims and/or defenses in this Action.

**Response No. 5**: *See* Response No. 4.

**Document Request No. 6**:   Any and all non-privileged communications between you and any person relating to the facts and/or events underlying the claims in this Action.

**Response No. 6**: Defendants object to this request to the extent that it is vague, ambiguous, overbroad and unduly burdensome because it seeks information that is not proportionally relevant to the burden it would impose on Defendants due to the lack of scope. Notwithstanding same, Defendants have no responsive documents.

**Document Request No. 7**:   Any and all documents that refer or relate to any meetings or discussions between you (or your agents, representatives or employees, whether presently employed or employed in the past) and any person (or Plaintiff's agents, representatives or employees, whether presently employed or employed in the past) relating to the facts or events underlying the claims or defenses in this Action.

**Response No. 7**: *See* Response No. 6.

**Document Request No. 8**:   Plaintiff's entire personnel file, including any and all files relating to disciplinary actions, personnel actions and/or performance reviews relating to Plaintiff.

3

**Response No. 8**: Defendants object as this request is vague, ambiguous, overbroad, and unduly burdensome because it seeks information that is not proportionally relevant to the burden it would impose on Defendants due to the lack of scope.  Defendants further object as this request seeks documents that are already in the possession of Plaintiff and/or his counsel, and/or are otherwise more readily accessible to same pursuant to the parties' stipulation in Plaintiff's presently pending New York State lawsuit, Index No. 709529/2020. *See* NYSCEF No. 54, ¶ 1(b).  Notwithstanding same, Defendants have no responsive documents as Plaintiff was an owner.

**Document Request No. 9**:   All documents that refer or relate to Plaintiff's job duties and responsibilities with Defendant.

**Response No. 9**: Defendants object as this request is vague, ambiguous, overbroad, and unduly burdensome because it seeks information that is not proportionally relevant to the burden it would impose on Defendants due to the lack of scope.  Defendants object to this request as it is vague, ambiguous, overbroad, and unduly burdensome.  Defendants further object as this request seeks documents that are already in the possession of Plaintiff and/or his counsel, and/or are otherwise more readily accessible to same pursuant to the parties' stipulation in Plaintiff's presently pending New York State lawsuit, Index No. 709529/2020. *See* NYSCEF No. 54, ¶ 1(b).  Notwithstanding same, *see* Bates-stamped documents AIRLINE000001-000002.

**Document Request No. 10**:  All documents concerning the terms and conditions of Plaintiff's employment and/or affiliation with Defendant.

**Response No. 10**: *See* Response No. 1.

**Document Request No. 11**:  Any and all Employee Handbooks in effect for your Company between 2017 through 2020.

**Response No. 11**: Defendants object to this request as it is vague, ambiguous, overbroad, and unduly burdensome.  Defendants further object as this request seeks documents that are already in the possession of Plaintiff and/or his counsel, and/or are otherwise more readily accessible to same pursuant to the parties' stipulation in Plaintiff's presently pending New York State lawsuit, Index No. 709529/2020. *See* NYSCEF No. 54, ¶ 1(b).  Notwithstanding same, Defendants have no responsive documents.

**Document Request No. 12**:  All documents that explain, reference or state the manner in which Plaintiff was compensated by Defendant.

**Response No. 12**: Defendants object to this request as it is vague, ambiguous, overbroad, and unduly burdensome given its lack of scope.  Defendants further object as this request seeks documents that are already in the possession of Plaintiff and/or his counsel, and/or are otherwise more readily accessible to same pursuant to the parties' stipulation in Plaintiff's presently pending New York State lawsuit, Index No. 709529/2020. See NYSCEF No. 54, ¶ 1(b).  Notwithstanding same, *see* Bates-stamped documents AIRLINE000003-000021.

**Document Request No. 13**:  All documents that refer or relate to Defendants' compensation policies and practices with respect to Plaintiff.

**Response No. 13**: *See* Response No. 12.

**Document Request No. 14**:   All documents that refer or relate the methods for recording the time Plaintiff worked on a daily and weekly basis from the period January 2017 through February 2020.

**Response No. 14**: Defendants object to this request to the extent that it is overbroad and unduly burdensome.  Notwithstanding same, Defendants have no responsive documents because Plaintiff, as an owner, did not record the time that he worked.

**Document Request No. 15**:  All communications between Plaintiff and Defendants, including any supervisors and/or managers, regarding the number of hours Plaintiff worked and/or the amount of compensation received from the period January 2017 through February 2020.

**Response No. 15**: Defendants object to this request as it is ambiguous, overbroad, and unduly burdensome.  Defendants further object as this request seeks documents that are already in the possession of Plaintiff and/or his counsel, and/or are otherwise more readily accessible to same pursuant to the parties' stipulation in Plaintiff's presently pending New York State lawsuit, Index No. 709529/2020. See NYSCEF No. 54, ¶ 1(b).  Notwithstanding same, Defendants have no responsive documents.

**Document Request No. 16**:   All documents relating to Plaintiff's compensation for the period January 2017 through February 2020. Such documents include, but are not limited to, pay stubs, checks, payroll records, attendance records, payroll summaries, payroll registers, payroll journals, time sheets, time records, time cards, wage and earnings reports/statements, ledgers, journal entries and/or cash receipts.

**Response No. 16**: Defendants object to this request as it is ambiguous, duplicative, overbroad, and unduly burdensome.  Defendants further object as this request seeks documents that are already in

the possession of Plaintiff and/or his counsel, and/or are otherwise more readily accessible to same pursuant to the parties' stipulation in Plaintiff's presently pending New York State lawsuit, Index No. 709529/2020. See NYSCEF No. 54, ¶ 1(b).  Notwithstanding same, *see* Bates-stamped documents AIRLINE000003-000021.

**Document Request No. 17**:  Any and all documents reflecting Plaintiff's work schedule with Defendant from January 2015 through February 2020.

**Response No. 17**: *See* Response No. 14.

**Document Request No. 18**:   Any and all performance evaluation, job reviews, or other appraisals of Plaintiff made during Plaintiff's employment with Defendant.

**Response No. 18**: *See* Response No. 8.

**Document Request No. 19**:  Any and all documents concerning any disciplinary actions, reprimands or performance improvement plans imposed upon Plaintiff by Defendant during Plaintiff's employment.

**Response No. 19**: *See* Response No. 8.

**Document Request No. 20**:   Bank statements reflecting payments made to Plaintiff for the period January 2017 through February 2020.

**Response No. 20**: Defendants object to this request as it is duplicative, overbroad, and unduly burdensome.  Defendants further object as this request seeks documents that are already in the possession of Plaintiff and/or his counsel, and/or are otherwise more readily accessible to same pursuant to the parties' stipulation in Plaintiff's presently pending New York State lawsuit, Index No. 709529/2020. *See* NYSCEF No. 54, ¶¶ 1(a)(viii), 1(b)(iv).

**Document Request No. 21**:  Any and all IRS Forms W-2, W-4 and/or 1099's provided to Plaintiff for the years 2017 through 2020.

**Response No. 21**: *See* Bates-stamped documents AIRLINE000003-000005.

**Document Request No. 22**: Any and all documents reflecting Plaintiff's benefits from Defendants including but not limited to Plaintiff's vacation benefits, PTO benefits, sick leave

benefits, sick pay, disability benefits, 401(k), pension benefits, retirement benefits, bonus plans, commission plans and/or severance plan.

**Response No. 22**: Defendants have no responsive documents.

**Document Request No. 23**:  All documents that identify and/or describe the corporate structure of The Airline Restaurant Corp.

**Response No. 23**: Defendants object to this request to the extent that it is duplicative, overbroad and unduly burdensome because it seeks information that is not proportionally relevant to the burden it would impose on Defendants due to the lack of scope.  Defendants further object as this request seeks documents that are already in the possession of Plaintiff and/or his counsel, and/or are otherwise more readily accessible to same pursuant to the parties' stipulation in Plaintiff's presently pending New York State lawsuit, Index No. 709529/2020. *See* NYSCEF No. 54, ¶ 1(b). Notwithstanding same, *see* Bates-stamped documents AIRLINE000001-000002.

**Document Request No. 24**:  All documents identifying the shareholders of The Airline Restaurant Corp., percentage of ownership and dates of ownership for the period January 2017 through 2020. Such documents include but are not limited to: (i) IRS form K-1; (ii) Company meeting minutes; (iii) Company Resolutions; (iv) Stock Ownership documents; (v) Share Certificates; (vi) liquor license applications; and (viii) Federal and State tax returns.

**Response No. 24**: *See* Response No. 23.

**Document Request No. 25**:  All documents that refer to Defendants' document retention policies, record-keeping policies, and or any deviations from such policies from the period January 2017 through February 2020.

**Response No. 25**: *See* NYSCEF No. 54.

**Document Request No. 26**:  Any and all policies in effect during Plaintiff's employment and at the location where Plaintiff worked that prohibit discrimination, harassment or retaliation against employees.

**Response No. 26**: *See* Response No. 11.

**Document Request No. 27**:  Any documents concerning, describing, or in any way relating to, anti-discrimination and or anti-retaliation training conducted by Defendants from 2007 to the present date concerning.

**Response No. 27**: *See* Response No. 26.

**Document Request No. 28**:  Any and all documents and communications relating to the termination of Plaintiff's employment.

**Response No. 28**: *See* NYSCEF Nos. 4, 6.

**Document Request No. 29**:  All job opening notices, "Announcements of Position" notices, or other advertisements for employment issued by Defendant for plaintiff's former position, for the period of time one (1) year before Plaintiff's termination and one (1) year thereafter.

**Response No. 29**: None because Plaintiff is an owner.

**Document Request No. 30**:  Any and all documents regarding the qualifications and job skills of the person(s) hired by Defendant to replace Plaintiff or otherwise perform Plaintiff's former job functions.

**Response No. 30**: *See* Response No. 29.

**Document Request No. 31**:  Any and all documents referred to or relied upon by you in the preparation of any responses to Defendants' First Request for Production of Documents in this Action.

**Response No. 31**: *See* Bates-stamped documents AIRLINE000001-000021.

**Document Request No. 32**:  All document identified and/or described in response to Plaintiff's First Set of Interrogatories.

**Response No. 32**: *See* Response No. 31.

**Document Request No. 33**:  Any and all documents that you intend to use as an exhibit at trial in this Action

**Response No. 33**: Defendants object to this request as premature as Defendants have not

determined what documents they intend to use at trial in this Action.

**Document Request No. 34**:  Any and all documents obtained by Defendants or that will be obtained by Defendants in this Action by way of subpoena or public records request.

**Response No. 34**: Defendants object to this request as premature.  Notwithstanding same, none at the present time.

**Document Request No. 35**:  Any and all job descriptions for each and every position held by Plaintiff while employed by Defendant.

**Response No. 35**: Defendants object to this request to the extent that it is overbroad and unduly burdensome because it seeks information that is not proportionally relevant to the burden it would impose on Defendants due to the lack of scope.  Notwithstanding same, Defendants have no responsive documents.

**Document Request No. 36**:  Documents reflecting by name, address, telephone number, age and current employment status of all persons who worked for Defendant from 2015 to the present.

**Response No. 36**: Defendants object to this request as it seeks documents that are not relevant to any party's claim or defense, nor proportional to the needs of the case.  Defendants object to this request as it is ambiguous, overbroad, unduly burdensome, plainly harassing, and amounts to nothing more than a fishing expedition.

**Document Request No. 37**:  Any and all documents reflecting all of the procedures and criteria for assigning, training, assisting, evaluating, transferring, giving supervisory duties, promoting, increasing salary, disciplining and discharging employees.

**Response No. 37**: *See* Response No. 11.

**Document Request No. 38**:  Any and all documents regarding all internal investigations pertaining to complaints of age discrimination and/or harassment.

**Response No. 38**: Defendants object to this request to the extent that it is ambiguous, overbroad and unduly burdensome because it seeks information that is not proportionally relevant to the burden it would impose on Defendants due to the lack of scope.  Notwithstanding same, none.

**Document Request No. 39**: Any and all documents relating to all internal investigations pertaining to Defendants' employment practices and policies and its impact on older employees.

**Response No. 39**: *See* Response No. 38.

**Document Request No. 40**: Any and all documents relating to all age-related charges, complaints or problems raised by any of Defendants' employee from 2015 to the present.

**Response No. 40**: Defendants object to this request to the extent that it is ambiguous, overbroad and unduly burdensome.  Notwithstanding same, none.

**Document Request No. 41**: All documents referring to every discharge, involuntary transfer and/or demotion, reassignment, resignation and/or retirement during 2015 to the present, and, for each employee, his or her personnel file, internal investigations prepared as part of Defendants' personnel practices, and subsequent communications with the employee and/or the employee's representative.

**Response No. 41**: Defendants object to this request as it seeks documents that are not relevant to any party's claim or defense, nor proportional to the needs of the case.  Defendants object to this request as it is ambiguous, overbroad, unduly burdensome, plainly harassing, and amounts to nothing more than a fishing expedition.

**Document Request No. 42**:   All documents reflecting the composition of Defendants' employees by age, job category and department from 2015 to the present.

**Response No. 42**: *See* Response No. 41.

**Document Request No. 43**:  Documents describing all retirement and pension plans offered by or through Defendants to their employees.

**Response No. 43**: *See* Response No. 22.

**Document Request No. 44**:  Documents reflecting each person hired by Defendant since 2015 to the present, indicating his/her qualifications, name, address, telephone number, age, current employee status, prior work history, hiring or assignment process and present job evaluation.

**Response No. 44**: *See* Response No. 41.

**Document Request No. 45**: Any and all documents relating to any and all investigations conducted by Defendants prior to the initiation of this Action in connection with the claims Plaintiff raised in his Complaint.

**Response No. 45**: Defendants object to this request as it is vague, ambiguous, and overbroad. Notwithstanding same, none because Plaintiff did not make any complaints concerning his allegations in the instant matter prior to initiating this Action.

**Document Request No. 46**: Any and all documents relating to any accusations of retaliatory termination, retaliatory discipline and/or any other response related to protected employee activity made by any person other than Plaintiff against Defendants from 2010 to the present.

**Response No. 46**: Defendants object to this request as it is vague, ambiguous, overbroad, and unduly burdensome. Defendants further object as this request seeks documents that are already in the possession of Plaintiff and/or his counsel, and/or are otherwise more readily accessible to same pursuant to the parties' stipulation in Plaintiff's presently pending New York State lawsuit, Index No. 709529/2020. *See* NYSCEF No. 54, ¶ 1(b). Notwithstanding same, *see* the docket for *Amirdis v. The Airline Restaurant Corp., et al*., E.D.N.Y. Docket No.: 21-cv-00709.

**Document Request No. 47**: Any and all internal controls and/or audits to detect and/or prevent unlawful discrimination.

**Response No. 47**: *See* Response No. 11.

**Document Request No. 48**: Any and all insurance policies that may provide coverage for the costs of defense in this matter or for recovery by Plaintiff in this matter.

**Response No. 48**: None.

**Document Request No. 49**: Any all documents to support the Affirmative Defenses in your Answer to the Complaint.

**Response No. 49**: *See* Response No. 1.

**Document Request No. 50**: Any all documents to support your Counterclaim in this Action.

**Response No. 50**: Defendants object to this request to the extent that it is overbroad and unduly burdensome. Defendants further object as this request seeks documents that are already in the

possession of Plaintiff and/or his counsel, and/or are otherwise more readily accessible to same pursuant to the parties' stipulation in Plaintiff's presently pending New York State lawsuit, Index No. 709529/2020. *See* NYSCEF No. 54, ¶ 1(b).  Notwithstanding same, *see* Bates-stamped documents AIRLINE000001-000002; *see generally*, docket of Index No. 709529/2020.

**Document Request No. 51**: Documents reflecting the assets, liabilities and net worth of Defendants.

**Response No. 51**: Defendants object to this request as it seeks documents that are neither relevant to this proceeding nor proportional to the needs of the case, and that it is plainly harassing and outside the scope of discovery.  Defendants further object to this request as duplicative and seeks documents that are already in the possession of Plaintiff and/or his counsel, and/or are otherwise more readily accessible to same pursuant to the parties' stipulation in Plaintiff's presently pending New York State lawsuit, Index No. 709529/2020. *See* NYSCEF No. 54, ¶ 1(b).

**Document Request No. 52**:  Copies of all Annual Reports and Quarterly Reports for Defendants from 2017 through the present.

**Response No. 52**: *See* Response No. 51.

**Document Request No. 53**:  All balance sheets, profit and loss statements, income statements and Schedule K-1's for Defendant from 2017 to the present.

**Response No. 53**: *See* Response No. 51.

Dated: Garden City, New York
      May 13, 2022

                         **FRANKLIN, GRINGER & COHEN, P.C.**

By:    Danielle E. Mietus, Esq.
       *Attorneys for Defendants*
       666 Old Country Road, Suite 202
       Garden City, New York 11530
       (516) 228-3131

## **CERTIFICATE OF SERVICE**

I, Danielle E. Mietus, Esq., hereby certify that on May 13, 2022, I caused a true and correct copy of the foregoing *Defendants' Responses and Objections to Plaintiff's First Request for Production of Documents*, dated May 13, 2022, to be served on the following via Electronic Mail:

> Eric Magnelli, Esq.
> Brach Eichler L.L.C.
> *Attorneys for Plaintiff*
> 101 Eisenhower Parkway
> Roseland, New Jersey 07068
> Email: emagnelli@bracheichler.com

Danielle E. Mietus, Esq.

13

Case 1:20-cv-02804-LDH-LB   Document 78-3   Filed 05/27/23   Page 15 of 19 PageID #: 1062

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
--------------------------------------------------------------X
ISAAC PASCHALIDIS (both individually and
derivatively on behalf of THE AIRLINE
RESTAURANT CORP. and APOPESO INC.),

                        Plaintiff,

               -against-

JAMES MESKOURIS and PETER G. MESKOURIS,

                  Defendants,

THE AIRLINE RESTAURANT CORP.,
APOPESO INC. and HANIA-MANIA INC.,

             Nominal Defendants.
--------------------------------------------------------------X

**FILED**

**12/22/2020**
**10:31 AM**

Index No.: 709529/2020

**COUNTY CLERK**
**QUEENS COUNTY**

**SO ORDERED STIPULATION**
**SETTLING PLAINTIFF'S**
**ORDER TO SHOW CAUSE**
**FILED AUGUST 21, 2020 AND**
**SIGNED ON AUGUST 25, 2020**
**AND WITHDRAWING SAME**
**WITHOUT PREJUDICE**

Assigned Justice:

Hon. Joseph Risi, A.S.C.J.

      **WHEREAS**, the plaintiff Isaac Paschalidis ("Paschalidis") moved by order to show cause

e-filed on August 21, 2020 seeking various temporary and preliminary relief (the "OSC"); and

      **WHEREAS**, the OSC was signed on August 25, 2020 and granted the following *ex parte*

temporary relief (the "TRO's"):

      ORDERED, that J. Meskouris and P.G. Meskouris be and hereby are immediately
and temporarily restrained from:

      i)      Amending the By-laws of the Corporations;

      ii)     Entering into any loans or encumbrances on behalf of the Corporations;

      iii)    Withdrawing, distributing or transferring any assets or property of the
Corporations, whether in the form of salaries, profit distributions, dividends, reimbursement
expenses or otherwise except ordinary payroll for employees;

      iv)    Redeeming, transferring or otherwise modifying the current ownership interests in
the Corporations;

      v)     Taking any action that in any way impacts or dilutes Plaintiff Isaac Paschalidis's

1

BE:11315485.1/PAS084-277854
BE:11318087.1/PAS084-277854

interest in the Corporations, including but not limited to, any redemption or divestiture of Paschalidis's shares in the Corporations;

     vi)    Using the Corporations' funds to pay counsel fees incurred in defending this derivative proceeding;

     vii)    Conducting any "Special Meeting" of the Shareholders which seeks to address the dissolution of the Corporations or the winding down of the Corporations in favor of a Corporation(s) that Defendants will form for the purposes of transferring all the assets of the Corporations to a new entity they designate with the purpose of excluding Paschalidis;

And it is further,

ORDERED that pursuant to Section 624 of the Business Corporation Law, the directors or those in control of the Corporations shall, no later than September15,2020, make available to Paschalidis for inspection and copying under reasonable working conditions, full and complete access to all of the corporate books and records, including all financial records and bank accounts, of the Corporations for the three (3) preceding years and it is further

ORDERED, that Defendants furnish the Court on or before September15, 2020,with a schedule of all corporate assets and liabilities, including identification of any and all financial institutions and other holders where such assets are being held, and Defendants shall properly serve all such financial institutions and other holders a copy of this Order, and within twenty-four hours of receipt of this Order, Defendants shall furnish to the Court and counsel for Plaintiff, proof that such service has been duly and timely completed, and good cause having been shown therefore; and

**WHEREAS**, the OSC was returnable on September 15, 2020 and was thereafter adjourned

on consent to September 29, 2020 with continuation of the TRO's; and

**WHEREAS**, the defendants, James Meskouris ("J. Meskouris") and Peter G. Meskouris

"P.G. Meskouris"), The Airline Restaurant Corp., Apopeso Inc. and Hania-Mania Inc.

(collectively the "Defendants") e-filed opposition to the OSC on September 29, 2020; and

**WHEREAS**, a virtual conference was held before the Honorable Joseph Risi, A.J.S.C.on

September 29, 2020 at which time respective counsel of record for the parties herein agreed to

settle the OSC upon the terms and conditions hereinafter set forth.

2

BE:11315485.1/PAS084-277854
BE:11318087.1/PAS084-277854

Case 1:20-cv-02804-LDH-LB   Document 78-3   Filed 05/27/23   Page 17 of 19 PageID #: 1064

**IT IS HEREBY STIPULATED AND AGREED**, by and between the respective

counsel of record herein as follows subject to any further Court Order or written agreement

executed by the parties hereto and/or their respective counsel of record in this action:

1.      The TRO's are hereby vacated in their entirety and the parties hereto

hereby agree that subject to further Order of this Court or written agreement executed by

the parties hereto and/or their counsel of record that:

      a.   Defendants shall each refrain from the following during the pendency
          of this action:

           i)        Amending the By-laws of the Corporations;

           ii)      Entering into any loans or encumbrances on behalf of the Corporations
                     with the exception of any pending application on behalf of The Airline
                     Restaurant Corp. seeking PPP and/or EIDL proceeds;

           iii)    Withdrawing, distributing or transferring any assets or property of the
                     Corporations, whether in the form of salaries, profit distributions,
                     dividends, reimbursement expenses or otherwise except ordinary
                     payroll for employees including Peter G. Meskouris and regular and
                     ordinary operating expenses;

           iv)    Redeeming, transferring or otherwise modifying the current ownership
                     interests in the Corporations;

           v)        Taking any action that in any way cancels, reduces or dilutes Plaintiff
                     Isaac Paschalidis's ownership interest in the Corporations, including
                     but not limited to, any redemption or divestiture of Paschalidis's
                     shares in the Corporations;

           vi)    Using the Corporations' funds to pay counsel fees incurred in
                     defending this derivative proceeding;

           vii)   Conducting any "Special Meeting" of the Shareholders which seeks to
                     address the dissolution of the Corporations or the winding down of the
                     Corporations in favor of a Corporation(s) that Defendants will form for
                     the purposes of transferring all the assets of the Corporations to a new
                     entity they designate with the purpose of excluding Paschalidis; and
           viii)  Interfering with Paschalidis's access to all Corporations' books and

3

BE:11315485.1/PAS084-277854
BE:11318087.1/PAS084-277854

Case 1:20-cv-02804-LDH-LB   Document 78-3   Filed 05/27/23   Page 18 of 19 PageID #: 1065

records, including all financial records and bank accounts, for inspection and copying.

b. During the pendency of this action, Defendants shall:

i)   Ensure that all of the Corporations' books and records are stored in the basement of the property owned by Apopeso Inc., located at 2219 Hazen Street, East Elmhurst, New York, and that such books and records are updated on a weekly basis, by no later than Monday at 9:00 a.m. of each week, with the exception of vendor statements that are paid monthly which shall be updated on a monthly basis and stored in the aforementioned location;

ii)  Close out the cash register at the Airline Diner only once per day during periods when a single work shift has been instituted and only twice per day during periods when two work shifts have been instituted, at the end of each shift, and maintain copies of all register printouts and corresponding guest checks from each close out;

iii) Provide Plaintiff and/or his agent(s)/designee(s), which shall not exceed a total of two (2) individuals, with access to the Corporations' books and records for inspection, copying, and/or scanning, and with the complete copies of the daily guest checks and register printouts directly from the cash register of the Airline Diner for inspection, copying, and/or scanning, maintained in the basement of the property owned by Apopeso Inc., located at 2219 Hazen Street, East Elmhurst, New York, for each week at 12:00 pm on the Monday of each week, or at any other time and/or date to which the parties agree. Defendants shall be permitted to have one (1) observer of their choosing attend each such inspection, but shall not interfere in any way with Plaintiff's access to the books and records, and each party may record the inspection process via video and/or audio means, and each person present during said inspections shall not be in possession of a firearm and shall act in a civilized and professional manner towards one another; and

iv)  Provide Plaintiff with unrestricted access to view the Corporations' bank accounts, credit card accounts, payroll platform, take-out/delivery platforms, camera and security systems, accounting platforms, and all other accounts or systems of the Corporations accessible remotely and/or online.

c. The Corporations' business records shall be deemed "Confidential Information" and access thereto shall be restricted solely to: (i) the Parties; (ii)

4

BE:11315485.1/PAS084-277854
BE:11318087.1/PAS084-277854

Court and its personnel; (iii) counsel of record for the Parties and the legal associates and non-attorney personnel employed by counsel of record to assist in the conduct of this litigation; (iv) court reporters, videographers, translators, copy services providers and graphic services providers performing services with regard to this litigation; (v) persons employed by independent litigation support companies retained to assist counsel of record and perform services with regard to this litigation who have been identified and who have first agreed in writing to be bound by this Stipulation and Order which agreement shall be retained by counsel of record for the Party engaging the independent litigation support company; (vi) experts retained to perform services with regard to this litigation who have been identified and who have first agreed in writing to be bound by this Stipulation and Order which agreement shall be retained by counsel of record for the Party engaging the expert; and (vii) witnesses (including Parties) who are being questioned at a deposition and/or trial regarding such information, testimony or documents, or potential witnesses (including Parties) who Receiving Party's counsel has a good faith belief that such potential witness has personal knowledge about such documents and/or information after a proper *voir dire* of the witness prior to the disclosure of such Confidential Information.

d. Confidential Information shall not be used for any purpose other than for the conduct of this action, and it is expressly understood and agreed that no Party may use Confidential Information for business, financial or competitive purposes or advantage, unless by agreement of the Parties or by court order finding that the information is not confidential under the law.

2. The OSC is hereby withdrawn without prejudice to renew.

3. This stipulation shall be presented to the court to be "So Ordered."

4. Counterpart, facsimile, photocopy and/or e-mail/pdf, signatures upon this stipulation shall have the same force and effect as an original hereof.

Dated: October 21, 2020

Brach Eichler LLC                          Franklin, Gringer & Cohen, P.C.
*Attorney for Plaintiff*                   *Attorney for Defendants*


*/s/Michael H. Ansell*                     */s/Steven E. Cohen*
By: Michael Ansell, Esq.                   By: Steven E. Cohen, Esq.

                                                      **FILED**

SO ORDERED: _____ 10/22/2020              **12/22/2020**
            Hon. Joseph Risi, AJSC                    **10:31 AM**

BE:11315485.1/PAS084-277854
BE:11318087.1/PAS084-277854

                                                      **COUNTY CLERK**
                                                      **QUEENS COUNTY**

5